In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-09-00432-CV


 _____________________



IN RE CHINARA BUTLER, INDIVIDUALLY AND AS INDEPENDENT


 ADMINISTRATRIX OF THE ESTATE OF CHAD BUTLER






Original Proceeding






MEMORANDUM OPINION





 This mandamus proceeding arises out of a contested probate case. We conditionally
grant the petition for writ of mandamus. 

 Byron Hill obtained a default judgment against Chad Butler in a Georgia state court
in 2001. Chad Butler died intestate in 2007. Hill filed the Georgia judgment as an
authenticated claim in the pending probate case. Butler's wife, Chinara Butler, was named
the independent administrator of Chad Butler's estate. Hill contested the appointment. To
establish his claim, Hill filed suit against the independent administrator and attached the
foreign judgment as evidence of the debt against the estate. Butler filed a general denial. 
Hill also filed an application for a turnover order. Butler contested that application. The trial
judge granted the application and issued the turnover order. Butler appealed the turnover
order.

 Hill served post-judgment discovery requests on Butler and others. Butler filed a
motion for a protective order. The trial court granted Hill's motion to compel discovery and
denied Butler's motion for a protective order. Butler filed a motion to transfer the case. The
trial court denied the transfer motion as to the probate, but transferred Butler's bill of review
to the county court at law. 

 Butler maintains the trial court abused its discretion in denying her motion for a
protective order and her motion to transfer the probate proceedings to the county court at law.
Mandamus relief is available if a trial court abuses its discretion and there is no adequate
appellate remedy. In re CSX Corp., 124 S.W.3d 149, 151 (Tex. 2003) (citing Walker v.
Packer, 827 S.W.2d 833, 839 (Tex. 1992)).

Waiver


 Hill argues Butler waited too long to file her petition for mandamus. Butler filed her
petition three months after the trial court denied her motion for protective order, and a little
over two months after the trial court denied her motion to transfer. Delay in the filing of a
petition for mandamus relief may waive the right to relief unless the relator can justify the
delay. In re Int'l Profit Assocs., Inc., 274 S.W.3d 672, 676 (Tex. 2009); see also, e.g., B.F.
Goodrich Co. v. McCorkle, 865 S.W.2d 618, 621 (Tex. App.--Houston [14th dist.] 1993,
orig. proceeding) (no indication relator was tactically using mandamus to derail the trial
setting). The delay here, however, did not forfeit Butler's right to mandamus. The appeal
of the turnover order was pending, and there were additional contested matters that arose
after the orders on the requests for protection and transfer. Under the circumstances of this
case, we do not find a waiver of the right to relief. 

Abuse of Discretion in Denying Motion to Transfer


 and Motion for Protective Order



 Butler's motion to transfer is predicated on the contested nature of the case. Former
section 5(c) (the applicable Probate Code section in this case) provides that "[i]n contested
probate matters, the judge of the constitutional county court may on the judge's own motion,
and shall on the motion of a party to the proceeding, transfer the proceeding to the county
court at law or a statutory court exercising the jurisdiction of a probate court other than a
statutory probate court. The court to which the proceeding is transferred may hear the
proceeding as if originally filed in the court." (1) There is no time deadline in section 5(c) for
the transfer of a case. Id. Although there may be circumstances where the party seeking to
transfer waits too long, this case does not fall within that category. See, e.g., Cain v.
Whitlock, 741 S.W.2d 528, 530 (Tex. App.--Houston [14th Dist.] 1987, no writ) (By waiting
until trial started and the court had heard one full day of testimony before filing a motion to
transfer, appellant waived any right to transfer from the county court to the county court at
law under section 5(c)). 

 The parties have taken adversarial positions over the foreign judgment, the application
for independent administration, the inventory, discovery, transfer, family allowance, and the
turnover application. The probate case is contested. The trial court abused its discretion in
denying the motion to transfer. 

 Butler filed the motion for protective order after the trial court granted the turnover
application and Hill filed his post-judgment discovery. The trial court denied Butler's motion
for protective order. The discovery requests are centered upon obtaining financial
information and locating assets. Butler contests the discovery and argues the requests are 
irrelevant, overly broad, and burdensome, and outside the scope of discovery. Because of
our holding in a separate appeal reversing the turnover order, the order to compel discovery
concerning that turnover order must also be set aside.

Inadequate Remedy by Appeal


 Butler filed a separate appeal of the order denying the motion to transfer in cause
number 09-09-00396-CV. In De Ayala v. Mackie, 193 S.W.3d 575 (Tex. 2006), the Supreme
Court stated that "[p]robate proceedings are an exception to the 'one final judgment' rule;
in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain
discrete issues.'" Id. at 578 (quoting Lehmann v. Har-Con Corp., 39 S.W.3d 191, 192 (Tex.
2001)). However, the Court also stated that "[n]ot every interlocutory order in a probate case
is appealable" and the determination of "whether an otherwise interlocutory probate order
is final enough to qualify for appeal has proved difficult." Id. 

 Relying on Crowson v. Wakeham, 897 S.W.2d 779, 783 (Tex. 1995), De Ayala 
explained that if a specific statute provides for an appeal of a probate matter, the statute
controls. DeAyala, 193 S.W.3d at 578 (citing Crowson, 897 S.W.2d at 783). If, as here,
there is no controlling statute, two factors are considered in determining whether the order
is appealable: whether the complained-of order adjudicated a substantial right, or whether
the order disposed of all issues in the phase of the proceeding for which it was brought. Id.
(citing Crowson, 897 S.W.2d at 782-83); see also, e.g., Forlano v. Joyner, 906 S.W.2d 118,
120 (Tex. App.--Houston [1st Dist.] 1995, no writ) ("The transfer order . . . does not resolve
a 'claim' at all, and thus is not severable."). 

 This case is distinguishable from our holding in In re Estate of Bowie, No. 09-08-204
CV, 2008 WL 4821617 (Tex. App.--Beaumont Nov. 6, 2008, no pet.), where the appellant
filed an appeal from the constitutional county court's order denying a motion for transfer. 
Id. at *1. We considered the appeal, which argued not only the transfer issue, but also the
question of an alleged creditor's standing in the probate matter. Id. at **1-2. On the same
day that the trial court denied appellant's transfer motion, the trial court also entered orders
appointing the decedent's surviving spouse as administrator and granting her motion to
dismiss appellant from the case. Id. at *2. The order denying transfer was at the end of a
discrete phase -- the litigant was dismissed from the case. Here, the order denying the motion
to transfer did not dispose of all parties or issues in a particular phase of the proceedings;
and, in particular, it did not dispose of the controverted issue of the creditor's suit against the
independent administrator, a central issue in this case. See De Ayala, 193 S.W.3d at 579. 

 We consider whether the benefits of mandamus outweigh the detriments in deciding

whether any eventual appellate remedy would be adequate. See In re Prudential Ins. Co. of
Am., 148 S.W.3d 124, 135-36 (Tex. 2004). To permit the court to proceed despite a
mandatory requirement to transfer the case would result in a waste of judicial resources. The
statutory requirement is mandatory. We conclude any eventual appellate remedy would be
inadequate. See generally In re Vorwerk, 6 S.W.3d 781, 785 (Tex. App.--Austin 1999, orig.
proceeding) (citing Forlano, 906 S.W.2d at 120). 

 We conditionally grant the petition for mandamus and direct the trial court to vacate
its order denying transfer, to vacate the order compelling discovery, and to enter an order
granting the motion to transfer the case. 

 PETITION CONDITIONALLY GRANTED.

 PER CURIAM

 

Submitted on October 2, 2009

Opinion Delivered December 17, 2009


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. As of September 1, 2009, former section 5(c), as amended, is now section 4E(a) of
the Texas Probate Code.