**Lois E. GEORGE, Executrix of the Estate of Myron D. George, Appellant,**

**v.**

**David P. GEORGE, Appellee.**

**No. 12–89–00141–CV.**

Court of Appeals of Texas, Tyler.

July 31, 1991.

---

Sue Walker and James P. Wagner, Keith & Wagner, Fort Worth, for appellant.

Don Wheeler, Center, for appellee.

RAMEY, Chief Justice.

This is an appeal by writ of error brought by Mrs. Lois E. George (hereinafter "Mrs. George") of Boulder, Colorado, the surviving spouse of Myron D. George (hereinafter "decedent"), who died on December 23, 1987. Mrs. George seeks review of an order of the County Court of Shelby County signed on October 28, 1988, granting Letters of Administration of decedent's estate to appellee David P. George of Keswick, Iowa, decedent's brother. We will reverse, and render judgment that appellee's application for Letters of Administration of decedent's estate be denied.

Since this appeal is by writ of error, Mrs. George has the burden of showing that her petition was brought within six months of the date of judgment, that she did not participate in the actual trial, and that there is error on the face of the record. *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex. 1985); Tex.R.App.P. 45. Appellee concedes that the first three prerequisites are satisfied by appellant. The only remaining issue is whether there is error on the face of the record.

Mrs. George brings four points of error. Because of our ruling on her first point of error, we will not review the remaining points. There is no Statement of Facts. The record consists only of the documentation contained in the Transcript.

In her first point Mrs. George asserts that appellee's application for letters did not comply with the mandatory requirements of Section 82 of the Probate Code.[1] Although several other omissions are cited, subsection (e) requires:

The name, age, marital status and address, if known, and the relationship, if any, of each *heir* to the decedent; .... (Emphasis ours.)

Section 3(*o*) of the Probate Code specifically defines "Heirs" to include "the surviving spouse." There is no direct nor indirect reference to Mrs. George, or that the decedent was survived by a spouse, in appellee's application and order granting letters of administration.

There are, however, multiple references to Mrs. George as decedent's widow or surviving spouse in this record. Yet, there is no documentation in that record attempting to challenge Mrs. George's status as decedent's widow. Appellee does not dispute this relationship in his brief; in appellate oral argument appellee's counsel affirmatively acknowledged that both he and his client knew that Mrs. George was decedent's surviving spouse long before the Application for Letters of Administration were filed in the Shelby County Court.

The record reflects that the only notice of the pendency of this cause to Mrs. George or service of citation for letters of administration upon her was by posting the citation at the Shelby County Courthouse Annex as authorized by Section 128(a) of the Probate Code. The record does not show that Mrs. George, a Colorado resident, had actual notice of the hearing on appellee's application; she was not present at the hearing to assert her rights to become the representative of decedent's estate. Documentation in the Transcript suggests that Mrs. George subsequently qualified as Executrix of the Estate of Myron Dean George, Deceased, in Colorado under the terms of decedent's Last Will and Testament.[2]

Section 77 of the Probate Code provides that the surviving wife (or the executrix named in the will of the deceased) has a superior right to one who occupies the relationship of deceased's brother, to qualify as representative of the deceased's estate.

---

1. Unless otherwise indicated, all references to sections of the Probate Code in this opinion are referring to the then current version of the Texas Probate Code.

2. The Order Granting Letters of Administration to appellee recites that the decedent died intestate. The subject will is not a part of the record herein.

Appellee's failure to identify to the Shelby County Court that the deceased was survived by his wife resulted in the entry of an invalid order granting his letters which was error manifest on the face of this record.

The Order Granting Letters of Administration to David P. George is reversed and judgment is rendered that David P. George's Application for Letters of Administration is denied.