Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00059-CV

In the **ESTATE of MANUEL ARIZOLA**, Deceased

From the County Court At Law No. 1, Webb County, Texas
Trial Court No. 2010PB4000054
Honorable Alvino (Ben) Morales, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Steven C. Hilbig, Justice
             Marialyn Barnard, Justice

Delivered and Filed:  May 11, 2011

DISMISSED FOR WANT OF JURISDICTION

Peter Arizola Sr. filed a notice of restricted appeal of the order appointing administrator, order approving employment contract, and order approving inventory, appraisement & list of claims. On March 8, 2011, we issued a show cause order notifying the parties that it appeared to this court that we lacked jurisdiction to entertain this appeal because the orders listed above were interlocutory and not appealable. Mr. Arizola filed a response to our show cause order claiming the orders were appealable pursuant to *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) and *George v. George*, 813 S.W.2d 236 (Tex. App.—Tyler 1981, no writ).

Generally, appeals may be taken only from final judgments. *Brittingham-Sada de Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). "Probate proceedings give rise to a recognized

exception to that general rule since multiple judgments may be rendered on discrete issues before the entire probate proceeding is concluded." *Fernandez v. Bustamante*, 305 S.W.3d 333, 337 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Brittingham*, 193 S.W.3d at 578). However, not every interlocutory order in a probate case is appealable. *Brittingham*, 193 S.W.3d at 578. Determining whether sufficient attributes of finality exist to confer appellate jurisdiction over an order arising from a probate proceeding depends on whether the order resulted from the adjudication of a substantial right or disposed of all issues in a particular phase of the proceeding. *Id*. The Texas Supreme Court has adopted the following standard for determining jurisdiction:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id. (*quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)). Thus, if there is no express statute, a probate court order is final and appealable only if it disposes of all parties or issues in a particular phase of the proceedings. *Id*. at 579. An order that does not end a phase of the proceedings, but sets the stage for the resolution of all proceedings, is interlocutory. *Id*.

In the present case, there is no relevant rule or statute that declares the type of orders at issue here final and appealable. Applying the principles of the *Brittingham-Sada de Ayala* test, we conclude the orders complained of merely "set [] the stage for further resolution of all proceedings." *Id*. Thus, the orders are interlocutory and not appealable.[1] *See id*. at 579 (holding "[b]ecause an order denying a plea to the jurisdiction and refusing to remove an executor does

---

[1] The *George* case relied upon by Mr. Arizola did not address whether the appellate court had jurisdiction and was decided before the Texas Supreme Court, in *Crowson v. Wakeham,* clarified appellate jurisdiction in probate cases. Therefore, we do not find it applicable.

not end a phase of the proceedings, but sets the stage for the resolution of all proceedings, the order is interlocutory"); *In re Guardianship of Glasser*, 297 S.W.3d 369, 373 (Tex. App.—San Antonio 2009, no pet.) (holding probate court's order authorizing employment of counsel was not appealable); *Brock v. Syslo*, Nos. 04-08-00273-CV & 04-08-00378-CV, 2008 WL 4519196, at *3 (Tex. App.—San Antonio Oct. 8, 2008) (holding order approving inventory was not final and appealable).

This appeal is dismissed for lack of jurisdiction.


PER CURIAM