



## MEMORANDUM OPINION

No. 04-11-00780-CV

**IN THE MATTER OF THE GUARDIANSHIP OF C.Y.B.**, Jr.

From the County Court at Law No 2, Webb County, Texas
Trial Court No. 2011-PB6-81L2
Honorable Jesus Garza, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Phylis J. Speedlin, Justice

Delivered and Filed:  January 11, 2012

DISMISSED FOR LACK OF JURISDICTION

Leticia R. Benavides and C.Y.B. have filed a notice of appeal stating that they intend to appeal the following orders signed by the trial court on October 14, 2011: (1) Order Denying Motion to Dismiss for Lack of Jurisdiction; (2) Order Denying Motion to Dismiss; (3) Order Appointing Temporary Guardian of the Person and Estate; and (4) Order Appointing a Guardian Ad Litem. These orders, however, are not appealable. Therefore, on November 8, 2011, we ordered appellants to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellants have now filed a response. After considering appellants' response, we still conclude that we lack jurisdiction over this appeal.

Generally, appeals may be taken only from final judgments. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). Probate proceedings are an exception to the "one final judgment" rule. *Id.* In such cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Id.* (quotations omitted). "The need to review controlling, intermediate decisions before an error can harm later phases of the proceeding has been held to justify this rule." *Id.* (quotations omitted). However, not every interlocutory order in a probate case is appealable. *Id.* The Texas Supreme Court has noted that "determining whether an otherwise interlocutory probate order is final enough to qualify for appeal has proved difficult." *Id.* In the past, courts relied on a "substantial right" test to determine whether an interlocutory probate order should be appealable: under that test, once the probate court adjudicated a "substantial right," the order was appealable. *Id.* In 1995, the supreme court attempted to clarify this test, noting that "while adjudication of a 'substantial right' was one factor to be considered, equally important" was "earlier precedent requiring that the order dispose of all issues in the phase of the proceeding for which it was brought." *Id.* Thus, "[t]o sidestep 'potential confusion' about the appropriate test for jurisdiction," the court adopted the following test:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.*

In *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006), the supreme court held that the trial court's order denying a plea to the jurisdiction and refusal to remove an executor was not appealable. The supreme court explained that "an order denying a motion to dismiss an entire

proceeding for want of subject-matter jurisdiction is more like a prelude than a finale." *Id.* "It certainly does not dispose of a claim that, if asserted independently, would be the proper subject of a lawsuit." *Id*. It noted further that under *Crowson v. Wakeham*, 897 S.W.2d 779 (Tex. 1995), "the trial court's order was interlocutory because it did not dispose of all parties or issues in a particular phase of the proceedings." *De Ayala*, 193 S.W.3d at 579. According to the supreme court, "[b]ecause an order denying a plea to the jurisdiction and refusing to remove an executor does not end a phase of the proceedings, but sets the stage for the resolution of all proceedings, the order is interlocutory." *Id.* Under this reasoning, none of the trial court's orders signed on October 14, 2011, are appealable.

Because the trial court's orders are not final, we dismiss this appeal for lack of jurisdiction.

PER CURIAM