

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00854-CV

**IN THE ESTATE OF MARTHA JANE VALDEZ**, Deceased

From the Probate Court No. 1, Bexar County, Texas
Trial Court No. 2008-PC-3026
The Honorable John D. Hutchinson, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  March 26, 2014

DISMISSED FOR LACK OF JURISDICTION

On December 4, 2013, Jerry Valdez filed a notice of appeal stating that he intends to appeal the trial court's September 9, 2013 "Order Requiring Joinder of the Heirs of the Decedent As Parties to This Cause."  The order provides that "in the event Jerry Valdez fails to join as parties to this case the heirs of Martha Jane Valdez, his application for probate of her will shall be dismissed."  The record before us, however, contains no order of dismissal.  Because the order requiring joinder of the heirs did not appear to be appealable, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.  After considering the response filed by appellant, we nevertheless conclude that we lack jurisdiction over this appeal.

Generally, appeals may be taken only from final judgments.  *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006).  Probate proceedings are an exception to the "one final judgment"

rule. *Id.* In probate cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Id.* (citation omitted). However, not every interlocutory order in a probate case is appealable. *Id.* In *De Ayala*, the Texas Supreme Court adopted the following test to determine whether appellate jurisdiction exists over an order arising from a probate proceeding:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)). Thus, if there is no express statute, a probate court order is final and appealable only if it disposes of all parties or issues in a particular phase of the proceedings. *De Ayala*, 193 S.W.3d at 579. An order that does not end a phase of the proceedings, but "sets the stage" for the resolution of all proceedings, is interlocutory. *Id*.

Here, there is no relevant rule or statute that declares the type of order challenged in this appeal to be final and appealable. Applying the *De Ayala* test, we conclude that the trial court's order, which threatens to dismiss appellant's application for probate of Martha Jane Valdez's will if appellant does not join the heirs as parties, "is more like a prelude than a finale." *Id*. at 578. Thus, the order is interlocutory and not appealable. *See id*. at 579.

Because the trial court's order is not final, we dismiss this appeal for lack of jurisdiction.

PER CURIAM