

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00010-CV

_____

IN RE:  THE ESTATE OF
MARGARET EUGENIA TATUM, DECEASED

On Appeal from the County Court at Law No. 1
Gregg County, Texas
Trial Court No. 2009-0009-P

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Thaddeus Alto Tatum, III, appeals from the trial court's November 5, 2014, order removing Tatum as Executor of Margaret Eugenia Tatum's Estate. By letter of February 24, 2015, we notified Tatum that it appeared we lacked jurisdiction over this appeal because the order from which he appealed is neither a final judgment nor an appealable order. We afforded Tatum ten days to demonstrate proper grounds for our retention of the appeal. Having received no response as of March 12, 2015, we sua sponte consider our jurisdiction over the appeal.

Our jurisdiction is constitutional and statutory in nature. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220 (West Supp. 2014). This Court has jurisdiction to decide appeals from final judgments and from interlocutory orders as permitted by the Texas Legislature. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex. App.—El Paso 1997, no writ) (per curiam).

Although probate cases are an exception to the "one final judgment" rule, *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006), "[n]ot every interlocutory order in a probate case is appealable." *Id.* The appropriate test for jurisdiction in a probate case was articulated by the Texas Supreme Court in *Crowson v. Wakeham*, 897 S.W.2d 779 (Tex. 1995):

> "If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory."

*Id*. at 783.

Here, there is no express statute declaring that this phase of the probate proceeding is final and appealable. While the order can logically be considered a part of the removal proceeding, it does not appear to resolve all issues raised in the motion for removal. More specifically, the "Motion For Removal Of Executor, Appointment Of Administrator And To Secure Assets" specifically asks the trial court to order Tatum to prepare a final accounting of his administration of the Estate. The trial court's November 5 order neither grants nor denies this requested relief. Because the motion for removal raised an issue that was not disposed of by the November 5 removal order, the order is a non-appealable, interlocutory order. *See id.*

Accordingly, we dismiss the appeal for want of jurisdiction.

Bailey C. Moseley
Justice

Date Submitted:     March 16, 2015
Date Decided:       March 17, 2015