Maria Cristina Brittingham–Sada DE AYALA, Petitioner,

v.

Kevin Michael MACKIE, Adminstrator of the Ancillary Estate of Juan Roberto Brittingham–McLean, Deceased, Respondent.

No. 04–0160.

Supreme Court of Texas.

Argued March 22, 2005.

Decided June 9, 2006.

See also 158 S.W.3d 518 and 158 S.W.3d 568.

W. Wendell Hall, Rosemarie Kanusky, Lara Michelle Johnson, Fulbright & Ja-worski L.L.P., San Antonio, Carlos Zaffiri-ni, Zaffirini & Castillo, Laredo, for Peti-tioner.

Homero G. Martinez, Homero G. Mar-tinez, PLLC, Laredo, Shannon H. Ratliff, Ratliff Law Firm, P.L.L.C., Austin, Randall A. Pulman, Alcide Federico Lon-goria, Pulman, Bresnahan & Pullen, L.L.P., San Antonio, Bruce John Werstak, III, Sames & Werstak, L.L.P., Laredo, for Respondent.

Kenneth A. Valls, Wilson Trevino Freed Valls & Trevino, LLP, Laredo, for Amicus Curiae.

Michael W. Perrin, Adam P. Schiffer, Christian Garza, King & Spalding, LLP, Houston, Julio A. Garcia, Laredo, Jason Murray Davis, Law Office of Jason Davis, P.C., San Antonio, for Others.

Chief Justice JEFFERSON delivered the opinion of the Court.

We deny the motion for rehearing. We withdraw our opinion of April 21, 2006 and substitute the following in its place.

Maria Cristina Brittingham–Sada de Ayala ("Ayala"), defendant below, alleged that the trial court lacked subject matter jurisdiction over this ancillary probate pro-ceeding involving the estate of her father, a Mexican testator whose will was probat-ed in Mexico. The trial court denied Aya-la's motion to dismiss, and she pursued an interlocutory appeal. The court of appeals concluded it had jurisdiction over the ap-peal, and the parties now agree. Because we disagree, we reverse the court of ap-peals' judgment and dismiss the appeal.

I

**Factual Background**

Juan Roberto Brittingham McLean ("Brittingham"), a Mexican resident, died

testate in Mexico on January 14, 1998. His will was admitted to probate in a Mexican court, and two executors, Raul Hernandez Garcia and Harold Turk, were named. Brittingham's wife, Ana Maria de la Fuente de Brittingham, sued his estate in that proceeding and asked that court to set aside their property agreement.[1] The Mexican probate court denied her request, and an appeal is pending in Mexico. The Mexican probate proceeding remains open.

Subsequently, in August 2000, Ms.Brittingham filed an application to have Brittingham's will admitted to probate in Texas, as she alleged that he owned personal property (described as bank deposits, portfolio investments, and claims against third parties) in Webb County. Later that month, the trial court issued ancillary letters testamentary to Ms. Brittingham, naming her the independent executor of Brittingham's estate (the "Estate"). On behalf of the Estate, Ms. Brittingham sued Brittingham's daughters and grandchildren (who, pursuant to Brittingham's will, were the beneficiaries of ninety-five percent of his residuary estate), accusing them of pillaging the Estate's assets. Brittingham's only son, John R. Brittingham Aguirre ("Aguirre"), intervened, alleging an interest as a creditor of the Estate.[2]

Ayala moved to dismiss the ancillary probate proceeding for lack of subject matter jurisdiction or, alternatively, to have Ms. Brittingham removed as executor. The trial court denied the motion, and Ayala appealed.

The Estate and Aguirre moved to dismiss the appeal for lack of appellate jurisdiction. Citing *Crowson v. Wakeham,* they argued that, because numerous pleadings and issues remained pending in the trial court, the trial court's order was an unappealable interlocutory order. *See Crowson,* 897 S.W.2d 779 (Tex.1995). The court of appeals disagreed and concluded that it had jurisdiction. 131 S.W.3d 3, 7. Relying on *Crowson,* the court noted that the probate court order addressed all the relief requested by Ayala's motion, resolved the question of subject matter jurisdiction, and confirmed both the admission of the will to probate and the appointment of Ms. Brittingham as executor. *Id.* Thus, the court held that the probate court's order "complete[d] the initial phase of the probate proceeding and [was] final for purposes of appeal." *Id.* The court then held that the trial court had subject matter jurisdiction over the ancillary probate proceeding, but that Ms. Brittingham should be removed as executor due to a conflict of interest. *Id.* at 8–9.

After the court of appeals issued its opinion, Ms. Brittingham resigned as representative of the ancillary estate and withdrew from the litigation. Subsequently, Roberto Tijerina, the Mexican estate's successor independent executor, applied to be named Ms. Brittingham's successor in the Texas case. On April 14, 2004, the trial court denied Tijerina's application and appointed Kevin Michael Mackie as the Estate's successor administrator. Mackie has entered an appearance on behalf of the Estate in this matter.

## II

### Appellate Jurisdiction

█ We first consider whether the court of appeals had jurisdiction over Ayala's appeal, even though respondents ap-

---

1. The record contains conflicting testimony regarding whether the pertinent agreement was pre- or post-nuptial.

2. Aguirre alleges that Brittingham executed a promissory note in Aguirre's favor, in the original principal amount of $22,274,480.00.

parently no longer contest that jurisdiction.[3] *See Univ. of Tex. Med. Branch v. Barrett,* 159 S.W.3d 631, 633 n. 8 (Tex. 2005). Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). Probate proceedings are an exception to the "one final judgment" rule; in such cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Id.* at 192. The need to review "controlling, intermediate decisions before an error can harm later phases of the proceeding" has been held to justify this rule. *Logan v. McDaniel,* 21 S.W.3d 683, 688 (Tex.App.-Austin 2000, pet. denied). Not every interlocutory order in a probate case is appealable, however, and determining whether an otherwise interlocutory probate order is final enough to qualify for appeal, has proved difficult.

In the past, courts relied on the "substantial right" test to decide whether an ostensibly interlocutory probate order had sufficient attributes of finality to confer appellate jurisdiction. *See, e.g., Huston v. F.D.I.C.,* 800 S.W.2d 845, 848 (Tex.1990); *Estate of Wright,* 676 S.W.2d 161, 163 (Tex.App.-Corpus Christi 1984, writ ref'd n.r.e.). Under that standard, once the probate court adjudicated a "substantial right," the order was appealable. That phrase soon became a fruitful source of litigation as appellate courts struggled to delineate its parameters. Eleven years ago, we attempted to clarify appellate jurisdiction in this complex area. *See Crowson v. Wakeham,* 897 S.W.2d 779, 783 (Tex.1995) (acknowledging that "our language heretofore has been somewhat ambiguous"). We noted that, while adjudication of a "substantial right" was one factor to be considered, equally important was

our earlier precedent requiring that the order dispose of all issues in the phase of the proceeding for which it was brought. *Id.* at 782–83. To sidestep "potential confusion" about the appropriate test for jurisdiction, we adopted this test:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* at 783. Recognizing the inherent difficulties in applying any test to determine appealability, we urged parties to seek severance orders to eliminate ambiguities about whether the order was intended to be final and appealable. *Id.* at 783 (explaining that "[l]itigants can and should seek a severance order either with the judgment disposing of one party or group or parties, or seek severance as quickly as practicable after the judgment").

The parties in this case did not seek a severance before appealing the order. They could hardly be faulted, however, as an order denying a motion to dismiss an entire proceeding for want of subject matter jurisdiction is more like a prelude than a finale. It certainly does not dispose of a claim that, if asserted independently, would be the proper subject of a lawsuit. *See Guar. Federal Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex. 1990); *see also Crowson,* 897 S.W.2d at 783 (urging severance of a claim only "if it meets the severance criteria"); *see, e.g., Forlano v. Joyner,* 906 S.W.2d 118, 120

---

**3.** Aguirre's brief filed in this Court and adopted by Mackie, states that "[t]he court of appeals properly determined its own jurisdiction over Petitioner's interlocutory appeal," although at argument the respondents asserted there were "problems" with jurisdiction.

(Tex.App.-Houston [1st Dist.] 1995, no writ) ("The [venue] transfer order, on the other hand, does not resolve a 'claim' at all, and is thus not severable."); *H.E. Butt Grocery Co. v. Currier,* 885 S.W.2d 175, 177 (Tex.App.-Corpus Christi 1994, no writ) (holding that an order granting a motion to compel discovery could not be severed because it "does not address a 'claim' that may be severed under the rules").

■ Moreover, under *Crowson,* the trial court's order was interlocutory because it did not dispose of all parties or issues in a particular phase of the proceedings. Because an order denying a plea to the jurisdiction and refusing to remove an executor does not end a phase of the proceedings, but sets the stage for the resolution of all proceedings, the order is interlocutory. *See, e.g., Fischer v. Williams,* 160 Tex. 342, 331 S.W.2d 210, 213–14 (1960) ("Since the order overruling respondents' motion to dismiss [in a probate proceeding] failed to finally dispose of the controverted issue [whether will contestants had shown an interest in the case], it, therefore, amounts to no more than an interlocutory order, inconclusive in its nature, made in the progress of the trial, and, therefore, not appealable."); *In re O'Bryant,* No. 04–04–00359–CV, 2004 WL 2616323, at *1, 2004 Tex.App. LEXIS 7147, at *2–*3 (Tex.App.-San Antonio Aug.11, 2004, no pet.) (dismissing appeal for lack of jurisdiction, as order denying plea to the jurisdiction in probate case was interlocutory); *Mobil Oil Corp. v. Shores,* 128 S.W.3d 718, 721 (Tex.App.-Fort Worth 2004, no pet.) (court of appeals lacked jurisdiction to review probate court's denial of plea to the jurisdiction).

■ The court of appeals did not reach Ayala's other alleged basis for appellate jurisdiction[4]: that the trial court's failure to remove Ms. Brittingham as executor was immediately appealable as an order that "overrules a motion to vacate an order that appoints a receiver or trustee." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(2). Accordingly, we must decide whether the Legislature intended by that language to give appellate courts jurisdiction over all orders refusing to remove estate executors. To support her contention, Ayala relies on our statement in *Bailey v. Cherokee County Appraisal District,* that "the administrator is designated the trustee of the estate property." *Bailey,* 862 S.W.2d 581, 584 (Tex.1993).

■ The Legislature enacted the statute permitting interlocutory appeal of orders overruling motions to vacate orders appointing receivers or trustees in 1917, and the provision remains substantially unchanged today. *See* Act of March 30, 1917, 35th Leg., R.S., ch. 168, § 1, 1917 Tex. Gen. Laws 379, 379 (now codified at TEX. CIV. PRAC. & REM. CODE § 51.014(a)(2)). At no time during the statute's almost ninety-year history have we held that it applies to a motion to remove an estate's executor. Our statement in *Bailey*—that an administrator is designated trustee of estate property—referred to the administrator's obligation, as holder of legal title to the estate's property, to pay ad valorem taxes accruing during administration. *Bailey,* 862 S.W.2d at 583, 586. It did not equate an executor to a trustee for all purposes, and there is no evidence that the Legislature intended to permit immediate appeals of orders refusing to remove estate executors. Accordingly, we conclude that section 51.014(a)(2)

---

**4.** Although Ayala does not raise this argument here, she did present it to the court of appeals. The Estate and Aguirre did not respond to the argument.

does not permit Ayala to pursue an interlocutory appeal of the trial court's order.[5]

## IV

### Conclusion

Because the court of appeals was without jurisdiction, we reverse the court of appeals' judgment and dismiss the appeal. TEX. R. APP. P. 60.2(c).

Justice O'NEILL and Justice GREEN did not participate in the decision.

---

**5.** We note that, since *Crowson*, the Legislature has given litigants seeking immediate appellate review another option. If the parties and the trial court agree, the parties may seek a permissive interlocutory appeal under certain circumstances. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d) (authorizing trial courts to order an interlocutory appeal if (1) the parties agree that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion; (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation; and (3) the parties agree to the order); *Liberty Mut. Ins. Co. v. Griesing*, 150 S.W.3d 640, 643 n.3 (Tex.App.-Austin 2004, pet. filed). That avenue is unavailable to the parties in this case, however, as this suit was filed August 3, 2000, and the statute applies only to suits filed on or after the statute's September 1, 2001 effective date. *See* Act of May 17, 2001, 77th Leg., R.S., ch. 1389, § 3, 2001 Tex. Gen. Laws 3575, 3575.