# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00028-CV

**Wendy Rogers; Neil Gallagher; Ronald R. Coleman; Steve Feeken; Gallagher Financial Group, Inc.; Kip Hartman; Michael Eastham; Fellowship Financial, LLC; Michael Castellano; Brian R. Cervanka; Global One Direct, LLC; and David A. Shields, Appellants**

**v.**

**The State of Texas and Eduardo Espinosa, Receiver for Retirement Value, LLC, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. D-1-GV-10-000454, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The parties are familiar with this appeal's factual and procedural background, which we discuss only as necessary to our decision. *See* Tex. R. App. P. 47.1 (stating appellate court opinions should be as brief as practicable in addressing issues necessary to final disposition), 47.4 (stating memorandum opinions should be no longer than necessary to advise parties of court's decision and basic reasons for it).

Eduardo Espinosa, Receiver for Retirement Value, LLC, filed a motion to dismiss this appeal, arguing that the trial court order challenged here is interlocutory and not appealable. Wendy Rogers; Neil Gallagher; Ronald R. Coleman; Steve Feeken; Gallagher Financial Group, Inc.; Kip Hartman; Michael Eastham; Fellowship Financial, LLC; Michael Castellano; Brian R. Cervanka; Global One Direct, LLC; and David A. Shields ("Retirement Value parties") filed this

appeal from a January 4, 2012 order denying their motion to "abate or stay" the Receiver's third-party action and all issues raised in that action. The Retirement Value parties sought to postpone trial court proceedings on various grounds, including that claims in the underlying litigation required arbitration.

Although their motion to abate or stay did not seek an order compelling arbitration, the Retirement Value parties' notice of appeal indicates that the trial court's order is appealable as an order denying arbitration, *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 51.016 (West Supp. 2012), 171.098(a)(1) (West 2011), and under the discrete-issues doctrine, which allows appeals from orders finally disposing of all parties and claims at the end of a particular phase of receivership proceedings. *See Huston v. FDIC*, 800 S.W.2d 84, 848 (Tex. 1990) (comparing test for "discrete issue" in receivership case to test applied in deciding whether probate court orders are final and appealable); *see also DeAyala v. Mackie*, 193 S.W.3d 575, 579 (Tex. 2006) (concluding probate order was interlocutory and not appealable because it did not dispose of all parties and claims and did not end phase of proceedings).

However, the record reflects that the trial court's order is interlocutory and not appealable because the trial court ruled only on the abatement. *See Batton v. Green*, 801 S.W.2d 923, 926, 930 (Tex. App.—Dallas 1990, no writ) (concluding under predecessor to civil practice and remedies code § 171.098(a)(1) that trial court's order denying plea in abatement was not appealable). The Receiver's motion to dismiss this appeal correctly notes that the trial court made no ruling about the merits of arbitration, nor was there a final disposition of any issues or parties. The Retirement Value parties' response does not demonstrate otherwise. Further, the Retirement Value parties

2

subsequently filed a motion to compel arbitration and appealed the trial court's order denying that motion. That appeal remains pending in cause number 03-12-00028-CV.

Without a final judgment or an otherwise appealable order, we may not exercise appellate jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2012); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Accordingly, we grant the Receiver's motion and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Jeff Rose, Justice

Before Justices Puryear, Pemberton and Rose

Dismissed on Appellee's Motion

Filed: May 10, 2013

3