**DISMISS; and Opinion Filed February 20, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01302-CV

## IN THE MATTER OF THE GUARDIANSHIP OF MARTHA T. LATTIMORE, AN ALLEGED INCAPACITATED PERSON

**On Appeal from the County Court at Law No. 1**
**Grayson County, Texas**
**Trial Court Cause No. 2014-1-166P**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Lang-Miers

In a letter dated October 21, 2014, the Court questioned its jurisdiction over this appeal because there did not appear to be an appealable order. We instructed appellant Morris Ratcliff to file a jurisdictional brief addressing our concern and gave appellees an opportunity to respond. Appellant and appellee Stormy Cansler filed briefs addressing the jurisdictional issue.

Generally, this Court has jurisdiction only over final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final judgment is one that disposes of all pending parties and claims. *See id.* Probate orders are an exception to the one final judgment rule. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). However, not every interlocutory order in a probate case is appealable. *See id.* Factors to be considered include whether the order adjudicated a substantial right and whether the order disposed of all issues in that phase of the proceeding for which it was brought. *Id.* A final order in a guardianship proceeding is appealable. *See* TEX. EST. CODE ANN. § 1022.001(c) (West 2014).

Appellant filed an application for temporary and permanent guardianship of the person and estate of Martha T. Lattimore. Cansler, Lattimore's daughter, filed a contest to appellant's application and also asked the court to appoint her, or a neutral third party, as the temporary guardian of the person and estate of Lattimore should the trial court determine that the proposed ward was in need of a guardian.[1] The trial court signed an order dismissing only appellant's application for lack of standing. Appellant filed a notice of appeal from this order.

In his jurisdictional brief, appellant contends "the trial court impliedly denied any application for temporary guardianship, and handily resolved the issue by disqualifying [him] and attempted to preclude appellate review." He contends the "guardianship case" as opposed to just his application should have been dismissed. Appellant further argues that, because no one else seeks a guardianship, "this wrong can never be rectified because this proceeding where no one seeks a guardianship will [n]ever be the subject of a judgment. There is no case or controversy in the court below." We disagree.

This Court has addressed the issue of whether an order dismissing an applicant from a guardianship is appealable. *See In re Miller*, 299 S.W.3d 179 (Tex. App.—Dallas 2009, no pet.) (en banc). In *Miller*, the proposed ward's wife and daughter filed competing applications for guardianship. Each filed a motion in limine contending the other did not have standing. The probate court determined that neither the wife nor the daughter had standing and issued an order granting the motions in limine. A few days later, the probate court signed an order finding that the proposed ward had sufficient mental capacity and did not require a guardian. Rather than dismissing the cause, however, the court abated it. *See id*. at 183–84. This Court concluded that the probate court's ruling on the wife's and daughter's motions in limine left one issue to be

---

[1] A second contest was filed by Lattimore's son, Victor Lattimore Jr., and her grandsons, J.V. Lattimore III, and Mark Lattimore, but they did not seek affirmative relief. Northwest Holdings LLC intervened asking the court to order a sale of an apartment complex Lattimore owns, but did not seek or oppose any form of guardianship for Lattimore.

determined—whether a guardianship was necessary—and the probate court's order stating a guardianship was not necessary "fully resolved that issue." *Id*. at 184. As a result, we concluded that the order was final and appealable even though the court abated, rather than dismissed, the cause. *Id*. at 186–87.

Unlike *Miller*, this case does not have a final determination regarding Lattimore's mental capacity. In its order dismissing appellant's application, the trial court found, among other things, that "the evidentiary record developed thus far does not establish by clear and convincing evidence whether the proposed ward is partially incapacitated, and, if so, what her limitations, if any, might be, or, even if she is shown to be partially incapacitated, whether the appointment of a guardian would be in her best interests." The trial court stated in its order "that this Order disposed of all claims of Applicant [appellant], but is otherwise interlocutory." Additionally, on the same date that the court dismissed appellant's application and made findings of fact and conclusions of law in support of its order, it also rendered an Order of Referral to Mediation, ordering "[a]ll remaining parties" to mediation. In that order the court stated, "Following mediation, the parties shall advise the court in writing concerning each issue which remains contested, and shall provide the court with a proposed discovery schedule as well as such other matters as may aid in the disposition of the action."

Based on the record before us, Cansler's application for a temporary guardianship of the person and estate of Lattimore is still pending, and we conclude that the order dismissing appellant's application is not an appealable order. Because a final order in the guardianship proceeding has not been rendered, this Court lacks jurisdiction over the appeal of the dismissal of

–3–

appellant's application.  *See* TEX. EST. CODE ANN. § 1022.001(c); *De Ayala*, 193 S.W.3d at 578.

Accordingly, we dismiss the appeal for want of jurisdiction.  TEX. R. APP. P. 42.3(a).


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE


141302F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF THE
GUARDIANSHIP OF MARTHA T.
LATTIMORE, AN ALLEGED
INCAPACITATED PERSON

No. 05-14-01302-CV

On Appeal from the County Court at Law
No. 1, Grayson County, Texas.
Trial Court Cause No. 2014-1-166P.
Opinion delivered by Justice Lang-Miers,
Justices Francis and Whitehill, participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellees Stormy Cansler, Martha T. Lattimore, Victor Lattimore, J.V. Lattimore, Mark Lattimore, and NorthWest Holdings LLC recover their costs of this appeal from appellant Morris Ratcliff.

Judgment entered this 20th day of February, 2015.