

# Fourth Court of Appeals
## San Antonio, Texas

April 17, 2015

No. 04-15-00222-CV

**IN THE ESTATE OF CARLOS AGUILAR, DECEASED,**

From the County Court at Law No 2, Webb County, Texas
Trial Court No. 2012-PB4-000048-L2
Honorable Jesus Garza, Judge Presiding

# O R D E R

On March 13, 2015, appellants Vanessa Arce and Eudelia Aguilar filed a notice of appeal from a probate court order dated February 13, 2015. In response, appellee Clarissa Aguilar filed a motion to dismiss the appeal for want of jurisdiction, arguing the order from which appellants are attempting to appeal is not a final, appealable order. Rather, it is merely a discovery order that is not appealable.

Generally, appeals may be taken only from final judgments. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)). A judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court. *Lehmann*, 39 S.W.3d at 195. In the probate context, however, there may be multiple judgments on discrete issues that are final for purposes on appeal. *De Ayala*, 193 S.W.3d at 578. However, not every interlocutory order in a probate case is appealable. *Id.* In De Ayala the supreme court held that if there is no express statute declaring the phase of the probate proceeding to be final and appealable, a probate court order is final and appealable only if it disposes of all parties or issues in a particular phase of the proceedings. *Id.* at 579.

In this appeal, the order appellants seek to appeal concerns discovery issues. We have found no statute declaring such an order appealable under the Probate Code, and it does not appear that the order disposes of all parties or issues in a particular phase of the proceedings. *See id.* Moreover, we cannot find any other statutory authority that permits a party to appeal from an interlocutory discovery order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2014).

We therefore **ORDER** appellants to file in this court, on or before **May 18, 2015**, a written response showing cause why this appeal should not be dismissed for want of jurisdiction. If appellants fail to satisfactorily respond within the time provided, the appeal will be dismissed.

*See* TEX. R. APP. P. 42.3(a), (c). All deadlines in this matter are suspended until further order of the court.

We **order** the clerk of this court to serve a copy of this order on the trial court, Ms. Margie R. Ibarra, the Webb County Clerk, the court reporter, and all counsel.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 17th day of April, 2015.

_____
Keith E. Hottle
Clerk of Court