

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00222-CV

**IN THE ESTATE OF** Carlos **AGUILAR**, Deceased

From the County Court at Law No. 2, Webb County, Texas
Trial Court No. 2012-PB4-000048-L2
Honorable Jesus Garza, Judge Presiding

PER CURIAM

Sitting:      Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed: June 3, 2015

MOTION TO DISMISS GRANTED; DISMISSED FOR WANT OF JURISDICTION

Appellants Vanessa Arce and Eudelia Aguilar filed a notice of appeal from a probate court order dated February 13, 2015. In response, appellee Clarissa Aguilar filed a motion to dismiss the appeal for want of jurisdiction, arguing the order from which appellants are attempting to appeal is not a final, appealable order, but is merely a discovery order that is not appealable. We grant the motion to dismiss and dismiss the appeal for want of jurisdiction.

Generally, appeals may be taken only from final judgments. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)). A judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court. *Lehmann*, 39 S.W.3d at 195. In the probate context, however, there may be multiple judgments on discrete issues that are final for purposes on appeal. *De Ayala*,

193 S.W.3d at 578. However, not every interlocutory order in a probate case is appealable. *Id.* In *De Ayala*, the supreme court held that if there is no express statute declaring the phase of the probate proceeding to be final and appealable, a probate court order is final and appealable only if it disposes of all parties or issues in a particular phase of the proceedings. *Id.* at 579.

Here, the order appellants seek to appeal concerns discovery issues. Because we found no statute declaring such an order appealable under the Probate Code, it did not appear that the order disposed of all parties or issues in a particular phase of the proceedings, and we discovered no other statutory authority permitting an appeal from an interlocutory discovery order, we ordered appellants to file in this court, on or before May 18, 2015, a written response showing cause why this appeal should not be dismissed for want of jurisdiction. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2014). We advised appellants that if they failed to satisfactorily respond within the time provided, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3(a), (c). Appellants did not file a response.

Accordingly, we grant appellee's motion to dismiss and dismiss the appeal for want of jurisdiction. We order costs assessed against appellants.

PER CURIAM