

# Fourth Court of Appeals
## San Antonio, Texas

August 29, 2016

No. 04-16-00351-CV

**IN THE ESTATE OF JESUS N. NAVARRO III, DECEASED**,

From the Probate Court No 2, Bexar County, Texas
Trial Court No. 2015-PC-1902
Honorable Tom Rickhoff, Judge Presiding

# O R D E R

On June 6, 2016, Jesus Navarro IV, Independent Executor, filed a notice of appeal stating he intends to appeal the trial court's "Order Setting Apart Exempt Property Before Approval of Inventory" signed on March 7, 2016. The order appears to be interlocutory, and therefore, does not appear to be a final, appealable order.

Generally, appeals may be taken only from final judgments. *De Ayala v. Mackie,* 193 S.W.3d 575, 578 (Tex. 2006); *In re Estate of Valdez*, 04-13-00854-CV, 2014 WL 1233684, at *1 (Tex. App.—San Antonio Mar. 26, 2014, no pet.). Probate proceedings are an exception to the "one final judgment" rule. *Mackie,* 193 S.W.3d at 578. In probate cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Id.* (citation omitted). However, not every interlocutory order in a probate case is appealable. *Id.* In *De Ayala,* the Texas Supreme Court adopted the following test to determine whether appellate jurisdiction exists over an order arising from a probate proceeding:

> If there is an express statute, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* (quoting *Crowson v. Wakeham,* 897 S.W.2d 779, 783 (Tex.1995)); *In re Estate of Valdez*, 2014 WL 1233684, at *1. Thus, if there is no express statute, a probate court order is final and appealable only if it disposes of all parties or issues in a particular phase of the proceedings. *De Ayala,* 193 S.W.3d at 579.

The order from which the appellant independent executor appeals appears to be interlocutory due to the fact it was issued before approval of inventory. Therefore, this Court ordered appellant to show cause why this appeal falls under the probate proceeding's exception to the final judgment rule and explain how this appeal was timely filed. Appellant responded on

July 29, 2016.  This Court now orders appellee to file a response to appellant's brief responding to the show cause order on or before September 12, 2016.

Appellant may respond with a reply brief within 10 days of the date appellee files its response brief.  The appellate briefing schedule is suspended pending determination whether this Court holds jurisdiction over this appeal.

_____
Jason Pulliam, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of August, 2016.

_____
Keith E. Hottle
Clerk of Court