

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| IN THE MATTER OF THE ESTATE OF | § | No. 08-18-00109-CV |
| | | Appeal from |
| FRANCIS CASIMIR KAJENCKI, | § | Probate Court No. 1 |
| DECEASED | § | |
| | | of El Paso County, Texas |
| | § | |
| | | (TC # 2008-P01293) |
| | § | |

**<u>MEMORANDUM OPINION</u>**

Appellant, Anthony Kajencki, is attempting to appeal from an order authorizing payment of attorney's fees and expenses. We dismiss the appeal for lack of jurisdiction.

It is well settled that appellate courts have jurisdiction over final judgments and interlocutory orders made appealable by statute. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006); *Lehmann v. Har-Con Corporation*, 39 S.W.3d 191, 195 (Tex. 2001); TEX.CIV.PRAC.& REM.CODE ANN. § 51.014 (West Supp. 2017)(authorizing appeals from certain interlocutory orders). The Estates Code provides that a final order issued by a probate court is appealable to the court of appeals. TEX.ESTATES CODE ANN. § 32.001(c)(West 2014). In a probate proceeding, an order is final and appealable before the entire proceeding is concluded if the order disposes of a discrete phase of the litigation or if a statute expressly provides a specific type of order is appealable. *De Ayala*, 193 S.W.3d at 579. An order which does not end a discrete phase of the

probate proceedings, but only "sets the stage" for the resolution of all proceedings, is interlocutory. *De Ayala*, 193 S.W.3d at 579.

The notice of appeal identifies an order signed by the Probate Court No. 1 on June 8, 2018 approving payment of expenses as the subject of this appeal. The order in question approves the application of Carreon & Beltran, PLLC, for payment of attorney's fees and expenses from December 1, 2017 through March 31, 2018 in the total sum of $840.06. The Probate Code does not expressly provide that this type of order is appealable. Further, the order granting the application for payment of attorney's fees and expenses during this four-month period does not indicate that it ended a discrete phase of the proceeding.

We directed the Clerk of the Court to send Appellant a letter stating that the Court intended to dismiss the appeal for lack of jurisdiction because there is no final judgment or appealable order unless he responded within ten days and established grounds for the appeal to continue. *See* TEX.R.APP.P. 42.3(a). Appellant has not filed any response to the inquiry. Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX.R.APP.P. 42.3(a), (c).

July 31, 2018

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.
Rodriguez, J., not participating

- 2 -