

# Fourth Court of Appeals
## San Antonio, Texas

September 26, 2019

No. 04-19-00588-CV

**IN RE GUARDIANSHIP OF LAVERNE T. CADY**

From the Probate Court No 2, Bexar County, Texas
Trial Court No. 2018-PC-4312
The Honorable Veronica Vasquez, Judge Presiding

# O R D E R

Thomas R. Pearson and Laverne T. Cady, both proceeding pro se, seek to appeal the trial court's August 6, 2019 order appointing a temporary guardian of Cady's estate. Our review of the clerk's record raises questions regarding our jurisdiction over the appeal.

*Appealability.* No statute expressly provides that an order appointing a temporary guardian is final or that it is an appealable interlocutory order. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). This court has held that an order appointing a temporary guardian is interlocutory and is not appealable. *See In re Guardianship of C.Y.B.,Jr.*, No. 04-11-00780-CV, 2012 WL 76914 (Tex. App.—San Antonio Jan. 11, 2012, no pet.) Appellants are therefore **ordered** to show cause why the appeal should not be dismissed for lack of jurisdiction because there is no appealable order.

*Timeliness.* If the interlocutory order appointing a temporary guardian were appealable, the appeal would be accelerated and the notice of appeal would have been due August 26, 2019, twenty days after the order was signed, or a motion for extension of time to file the notice of appeal was due fifteen days later on September 10, 2019. *See* Tex. R. App. P. 26.1(b), 26.3. The notice of appeal was filed September 3, 2019; no motion for extension of time was filed.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1 but within the fifteen-day grace period provided by rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (1997). However, the appellant must offer a reasonable explanation for failing to file the notice of appeal timely. *See id.*; Tex. R. App. P. 26.3, 10.5(b)(1)(C); We therefore **order** appellants to file a response offering a reasonable explanation for failing to file the notice of appeal timely.

*Standing.* "Under Texas jurisprudence, an appeal can generally only be brought by a named party to the suit." *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 754 (Tex. 2003); *see id.* (discussing exception to general rule). From our review of the clerk's record, it does not appear that Thomas R. Pearson was a party to the guardianship proceeding. We therefore **order** Thomas R. Pearson to show cause why his appeal should not be dismissed for lack of standing. *See In re Guardianship of DeLuna*, 286 S.W.3d 379, 383 (Tex. App.— Corpus Christi 2008, no pet.) (holding appellant did not have standing to appeal probate court's order because appellant was not a party to the guardianship proceeding).

We **order** Pearson's and Cady's responses to this show cause order due **October 11, 2019.** If appellants fail to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c).

We further **order** all deadlines in this appeal are suspended until further order of the court.


Luz Elena D. Chapa, Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 26th day of September, 2019.


Luz Estrada,
Chief Deputy Clerk