# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00904-CV

**Yevgenia Shockome, Appellant**

**v.**

**Robert Brendel, Stratos Apostolou, Barbara Trevino-Kuvet,
Randolph V. Gonzalez and Mary F. Iverson, Appellees**

### FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-003849, THE HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Yevgenia Shockome, appearing pro se, seeks to appeal an interlocutory order signed by the trial court on November 22, 2019, which granted a motion to dismiss filed by the appellees. *See* Tex. R. Civ. P. 91a.

On February 3, 2020, the Clerk of this Court sent notice to Shockome that it appears that this Court lacks jurisdiction over her appeal because the jurisdiction of this Court is generally limited to the review of final judgments and certain interlocutory orders as authorized by statute.[1] *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also De Ayala*

---

[1] Shockome has filed two other appeals, assigned cause number 03-19-00902-CV and cause number 03-19-00903-CV in this Court. In those appeals, arising from these same trial court proceedings, Shockome challenges additional trial court orders dismissing other defendants from her suit. Even considering the trial court's dismissals as to these other defendants, no final judgment exists because additional defendants remain in the proceedings below. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001) (explaining that judgment is not final unless it disposes of all claims and parties).

*v. Mackie*, 193 S.W.3d 575, 578-79 (Tex. 2006) (explaining test for determining finality of order in context of probate cases). The Clerk asked Shockome to respond in writing and explain how this Court may exercise jurisdiction over this appeal.

Shockome has filed a response requesting that we permit her to proceed in this appeal because the trial court's partial dismissal "fatally affects her ability to prove her conspiracy claims on the remaining defendants." Shockome's response fails to identify a final judgment or statutory authority for reviewing the interlocutory order from which she seeks relief. *See Lehmann*, 39 S.W.3d at 195. Because Shockome has failed to demonstrate this Court's jurisdiction over this appeal, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed: February 28, 2020

2