# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00416-CV

---

**McKenna Lynn Kuhr, Appellant**

**v.**

**Ronald Smith, Appellee**

---

### FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. C-1-PB-16-000575, THE HONORABLE GUY S. HERMAN, JUDGE PRESIDING

---

## MEMORANDUM OPINION AND ORDER

**PER CURIAM**

Appellant McKenna Lynn Kuhr is attempting to appeal from the trial court's order granting Ronald Smith's Traditional Motion for Summary Judgment on Presenting Will for Probate. On September 21, 2020, the Clerk of this Court notified Kuhr that it appeared that this Court lacked jurisdiction over this appeal and requested a response. *See generally De Ayala v. Mackie*, 193 S.W.3d 575, 578–79 (Tex. 2006) (setting out test for determining when probate order is final for purposes of appeal); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192, 195 (Tex. 2001) (explaining that appeal may only be taken from final judgment that disposes of all pending parties and claims in record and that only certain proceedings, like some probate proceedings, allow for multiple judgments on "certain discrete issues").

In her response, Kuhr asks this Court to retain jurisdiction over this matter but concedes that this Court may not have jurisdiction because the appealed order did not finally resolve a discrete issue in the underlying probate proceeding. *See De Ayala*, 193 S.W.3d at 578–79. She represents that a trial in this matter occurred on September 23, 2020; that the trial court has the underlying case under advisement; and that no judgment has been entered. She also represents that the effect of the appealed order "on the ultimate disposition of the probate litigation has been hotly contested in the trial court"; the wording of the order was "ambiguous," and the trial court "ultimately heard evidence" on an issue underlying the appealed order at trial. Based on these representations, we conclude that we do not have jurisdiction over the appealed order. *See id.* at 579 (observing that order was interlocutory when it did not dispose of parties or issues in a particular phase of probate proceedings).

Under rule 27.2 of the Texas Rules of Appellate Procedure, however, this Court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings related to it to be included in a supplemental record. Tex. R. App. P. 27.2; *see id.* R. 27.1(a) (addressing prematurely filed notices of appeal). On this Court's own motion, we abate this appeal to give appellant sixty days after the date of this order to cure the jurisdictional defect and to request a supplemental clerk's record containing a final order. This appeal shall be reinstated upon the date the supplemental clerk's record is filed with this Court or sixty days from the date of this order, whichever date is later. Failure to comply with this order will result in the dismissal of this appeal for want of jurisdiction.

Before Justices Goodwin, Triana, and Smith

Abated and Remanded

Filed: October 20, 2020