**Dismissed in Part and Affirmed in Part and Majority and Concurring Opinions filed December 14, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00604-CV

---

## SCOTT ALEXANDER CLARK, Appellant

## V.

## STEVEN WAYNE CLARK AND ROBERT GEORGE CLARK, Appellees

---

**On Appeal from the Probate Court
Galveston County, Texas
Trial Court Cause No. PR-74867-A**

---

### CONCURRING OPINION

Though I concur in the judgment, I write separately to address the majority's analysis of probate appeals. The majority states that we may have jurisdiction over the probate portion of the Order because "[p]robate proceedings are an exception to the 'one final judgment' rule." The majority then cites cases for this proposition, giving the impression that this "exception" is judicially created.

This analysis is misleading in multiple ways. First, our jurisdiction over

1

certain orders from the probate courts does not derive from caselaw, but rather from statute. One example is Estates Code section 32.001, which states, in relevant part:

> (a) All probate proceedings must be filed and heard in a court exercising original probate jurisdiction. The court exercising original probate jurisdiction also has jurisdiction of all matters related to the probate proceeding as specified in Section 31.002 for that type of court.
>
> (b) A probate court may exercise pendent and ancillary jurisdiction as necessary to promote judicial efficiency and economy.
>
> (c) *A final order issued by a probate court is appealable to the court of appeals*.

Tex. Est. Code Ann. § 32.001 (emphasis added). In this case, as in general, when the construction of a statute is relevant, I would begin by citing and analyzing the statute, rather than bypassing the statute and moving directly to a discussion of caselaw.

This leads to a second way in which the majority's analysis is misleading: it relies on cases that interpret not section 32.001 or other statutes which could potentially govern this appeal, but rather cases that, to the extent they refer to statutes at all, analyze the appellate provisions in the former Texas Probate Code. The problem with relying on such cases is that, over time, the statutory language applicable to the current practice of appealing from the probate court to the intermediate appellate court has shifted from authorizing appeals from final orders in cases within the probate court's original jurisdiction[1] to the current language,

---

[1] Since the passage of the 1973 constitutional amendment authorizing the legislature to establish the jurisdiction of the probate court and provide that "all appeals in such matters shall be to the courts of (civil) appeals" rather than the district court, the general appellate jurisdictional statute has wandered from former Texas Probate Code section 5 to 5(e), 5(f), 5(g), 4A, and finally to the current Estates Code section 32.001(c), allowing appeals to the court of appeals from "final orders." Tex. S.J. Res. 26, § 1, 63d Leg., R.S., 1973 Tex. Gen. Laws 2471, 2471 (former Tex. Const. art. V, § 8, adopted at election on Nov. 6, 1973, amended 1985); Act of May 24, 1973, 63d Leg., R.S., ch. 610, § 1, sec. 5, § 3, 1973 Tex. Gen. Laws 1684, 1684, 1685 (Texas Probate Code § 5, effective on adoption of Tex. S.J. Res. 26; "[A]ll final orders in such matters shall be appealable to the courts of (civil) appeals."), *amended by* Act of May 29, 1975, 64th Leg., R.S., ch. 701, § 2, sec. 5(e), 1975 Tex. Gen. Laws 2195, 2196 (Texas Probate Code § 5(e); "All final orders of any court exercising original probate jurisdiction shall be appealable to the courts of

2

quoted above, in which the legislature did not limit the scope of the appellate provision to a "probate proceeding," a "matter related to a probate proceeding," [2] or pendent or ancillary matters. *See* Tex. Est. Code Ann. § 32.001. The majority does not acknowledge that arguably substantive change, effective September 1, 2009, and instead relies on cases discussing former Texas Probate Code section 5 that was effective in varying forms from November 6, 1973 to August 30, 2009.[3] Why is the status of a "probate proceeding" relevant to determining whether something is a "final order" in a probate court after August 30, 2009?

I agree with the court's judgment. The court's opinion is not the first to discuss

_____

(civil) appeals."), *amended by* Act of May 23, 1989, 71st Leg., R.S., ch. 1035, § 2, sec. 5(f), 1989 Tex. Gen. Laws 4162, 4163 (Texas Probate Code § 5(f); "All final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals."), *amended by* Act of May 1, 2001, 77th Leg., R.S., ch. 63, § 2, sec. 5(g), 2001 Tex. Gen. Laws 105, 106 (Texas Probate Code § 5(g); "All final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals."), *Texas Probate Code § 5 repealed and amended to add § 4A (effective Sept. 1, 2009) and § 4A repealed (effective Jan. 1. 2014) and amended to add Estates Code § 32.001(c) (effective Jan. 1, 2014) by* Act of May 29, 2009, 81st Leg., R.S., ch. 1351, § 12(b), (h), § 13(a), sec. 32.001(c), § 13(b), (c), § 15, 2009 Tex. Gen. Laws 4273, 4275, 4279, 4280, 4282 (Texas Probate Code § 4A(c); "A final order issued by a probate court is appealable to the court of appeals."); Tex. Est. Code Ann. § 32.001(c) ("A final order issued by a probate court is appealable to the court of appeals.").

Had the 1973 legislation been drafted today, the appeal of a "final order" in a probate proceeding might have been defined as a list of specific interlocutory appeals rather than defining the order as "final." *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) ("Probate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.' The need to review 'controlling, intermediate decisions before an error can harm later phases of the proceeding' has been held to justify this rule. Not every interlocutory order in a probate case is appealable, however, and determining whether an otherwise interlocutory probate order is final enough to qualify for appeal, has proved difficult.") (internal citations omitted).

In my opinion, the legislature used the vague term "final order" to delegate to the appellate judiciary the power to determine through caselaw a class of interlocutory appeals from a probate court. And after 48 years of caselaw interpreting what is a "final order," I understand the legislature's reluctance to make a substantive change.

[2] A "probate proceeding" and a "matter related to a probate proceeding" are terms of art defined by the Estates Code. Tex. Est. Code Ann. §§ 31.001, .002.

[3] *See supra* note 1.

appellate jurisdiction over probate-court cases without fully grappling with the complexity of probate appeals, and even *Lehmann* could have been more precise in its discussion of appeals from probate court.[4] But this is the case before us now, and the court's opinion is not one I can join.

I concur in the judgment.


/s/     Charles A. Spain
        Justice

Panel consists of Justices Jewell, Spain, and Wilson (Wilson, J., majority).

---

[4] *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 & n.14 (Tex. 2001) (discussing "orders that resolve certain discrete issues in some probate . . . proceedings" without citing to "final orders" under former Texas Probate Code section 5).