

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00064-CV

_____

JACKIE M. MERITT, INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX OF THE ESTATE OF BOBBY JOE MERITT, Appellant

V.

MERITT BUFFALO EVENTS, LLC; XERNIE MERITT; TEXAS FARM CREDIT SERVICES, FLCA; SANGER BANK; AND BRITTANY WEAVER, Appellees

On Appeal from the Probate Court
Denton County, Texas
Trial Court No. PR-2016-00404-01

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

Appellant Jackie M. Meritt, Individually and as Independent Executrix of the Estate of Bobby Joe Meritt, attempts to appeal from the trial court's "Order Granting Successor Receiver's Motion for Security for Costs and to Clarify Rates" (the Order). Because we conclude the Order is not final for purposes of appeal, we dismiss this appeal for want of jurisdiction.

As reflected in the Order, various parties had deposited $50,000 into the registry of the trial court "as security for costs for payment of taxes, insurance, ongoing electricity, trash service, and other utilities and maintenance costs stemming from the entities at issue" at the request of an initial receiver appointed by the trial court. The trial court later appointed a successor receiver, and Appellant moved for her portion of the funds deposited into the court's registry to be released while the successor receiver moved for the funds to be considered security for ongoing costs. In the Order, the trial court ordered "that the $50,000 in the registry of the court account created for this case shall constitute security for costs . . . [and] paid only after application of the successor receiver submitted to and reviewed by the [trial court]." In the Order, the trial court also denied Appellant's motion for the release of her portion of the funds that had been placed in the court's registry.

On February 25, 2022, we notified Appellant of our concern that we lack jurisdiction over this appeal because the Order did not appear to be a final judgment or appealable interlocutory order. We informed her that unless she or any party

2

desiring to continue the appeal filed a response by March 7, 2022, showing grounds for continuing the appeal, we could dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Appellant filed a response, but it does not show grounds for continuing the appeal.

Generally, appeals may be taken only from final judgments or interlocutory orders that are authorized by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001). A judgment or order is final if it disposes of every pending claim and party. *Id.* at 205. Probate proceedings are an exception to the one-final-judgment rule because they may involve multiple orders on discrete issues, each of which may be final for purposes of appeal. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (op. on reh'g). However, not all interlocutory probate orders are appealable. *Id.* Where no statute expressly provides that a particular probate order is final and appealable, such an order is interlocutory and not subject to immediate appeal unless it disposes of all parties or issues in a particular phase of the proceedings. *Id.* at 579; *Estate of Harris*, No. 02-17-00265-CV, 2017 WL 4172585, at *1 (Tex. App.—Fort Worth Sept. 21, 2017, pet. denied) (per curiam) (mem. op.).

Appellant has not identified any statute that expressly authorizes an appeal from the Order. Rather, Appellant relies on the law that probate proceedings are an exception to the one-final-judgment rule, pointing out that "[a] probate order is appealable if it finally adjudicates a substantial right, whereas if it merely leads to further hearings on the issue, it is interlocutory." But, here, the Order contemplates

3

that there will be further hearings pertaining to this particular phase of the proceeding—it states that the $50,000 deposited into the registry will be "paid only after application of the successor receiver submitted to and reviewed by the [trial court]." Thus, the Order is interlocutory. *See De Ayala*, 193 S.W.3d at 579; *Harris*, 2017 WL 4172585, at *1; *see also In re Guardianship of Conis*, No. 12-14-00218-CV, 2014 WL 4922643, at *1 (Tex. App.—Tyler Sept. 30, 2014, no pet.) (per curiam) (mem. op.) ("[A]n order requiring the deposit of funds as security for costs is not a final order under the test applied in *De Ayala*."); *In re Mitchell*, 342 S.W.3d 186, 192 (Tex. App.—El Paso 2011, no pet.) ("An order requiring the deposit of funds as security for costs is not a final order [in the probate context]."). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Dana Womack

Dana Womack
Justice

Delivered: March 31, 2022

4