**Dismissed and Opinion Filed September 15, 2023**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00673-CV

## IN THE ESTATE OF MARIA ELENA WEBB, DECEASED

**On Appeal from the Probate Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. PR-20-01506-2**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Breedlove
Opinion by Justice Breedlove

Appellant Claudia Elena Johnston challenges the trial court's order authorizing the sale of real property owned by her deceased mother's estate. She complains the trial court erred by allowing the sale to occur prematurely and by failing to apply controlling partition law in Chapter 23A of the Texas Property Code. Because the property has been sold, we dismiss this appeal as moot.

### BACKGROUND

At the time of her death on December 7, 2019, Maria Elena Webb owned real property on Typhon Drive in Grand Prairie. Webb died intestate.

Webb's three adult children—appellant Claudia,[1] Cynthia Fischer, and Clifton Richard Webb (Richard)—survived her. Richard filed an application for letters of administration and to determine heirship on February 4, 2020, in Tarrant County. Claudia filed an application for letters of administration and to determine heirship on May 18, 2020, in Dallas County. The Tarrant County case was transferred to Dallas County on July 31, 2020, and the cases proceeded together.

On October 4, 2021, the trial court granted Richard's application for letters of administration and appointed appellee Lisa Leffingwell as the estate's dependent administrator. Leffingwell filed an "Application for Sale of Real Estate and for Authority to Enter Listing Agreement" on January 7, 2022. Leffingwell alleged it was necessary to sell the Estate's interest in the property to pay the Estate's expenses. Claudia filed an objection to Leffingwell's application, contending that sale of the Estate's property was unnecessary to satisfy the Estate's obligation to the mortgage lender.

On June 28, 2022, the trial court held a hearing on Leffingwell's application and Claudia's objection. The court permitted the parties to submit additional briefing on Claudia's argument that Chapter 23A of the Texas Property Code provided the exclusive method for partition of the property. *See* TEX. PROP. CODE ANN. §§ 23A.001–.013 (Uniform Partition of Heirs' Property Act) (Chapter 23A). The

---

[1] We refer to the Webb family members by their first names for clarity.

parties submitted additional briefing, and Leffingwell also filed a supplement to her application attaching a comparative market analysis for the property that the trial court had requested at the hearing.

On July 1, 2022, the trial court signed an order authorizing Leffingwell to list the property for sale for $235,000 and to sell the property in a private sale. On August 30, 2022, Leffingwell filed a "Report of Sale of Real Property" and sought the trial court's authorization and confirmation of the proposed conveyance to a buyer for a final sales price of $195,000. Claudia filed an objection, contending that the trial court should not approve the sale because the proposed sale price was less than the amount of Claudia's previous offer.

At a hearing on September 13, 2022, the trial court heard Leffingwell's application and Claudia's objections. The trial court continued the hearing to permit Claudia to prepare an offer for the property, but emphasized that if Claudia's offer was "not more than" the $ 195,000 offer Leffingwell had already received for the property, the court would approve Leffingwell's report "as it stands."

The trial court reconvened the hearing on September 15, 2022. Although counsel[2] appeared on Claudia's behalf and explained that he had begun to prepare an earnest money contract, he stated that he had questions about the amount of an earnest money payment, the use of the sale's proceeds, and future distribution of the

---

[2] Claudia has been represented by her spouse L. Bruce Lambert throughout the trial court proceedings and on appeal.

–3–

proceeds. The court responded that "I made it clear at our hearing on the—let's see here—9/13, I made it clear at that hearing that you were to make an offer for the full amount." Because Claudia failed to do so, the court granted Leffingwell's application, finding that "the price is a fair price given the condition of this property and the current occupants."

On the same day, the trial court signed a "Decree Confirming Sale of Real Property," approving Leffingwell's "Report of Sale of Real Property" and authorizing sale of the property "upon compliance by the Purchaser with the terms of sale." Claudia now appeals this decree, but did not file a bond or other security to supersede it. *See* TEX. R. APP. P. 24 (suspension of enforcement of judgment pending appeal).

## ISSUES

In four issues,[3] Claudia contends the trial court erred by rendering the September 15, 2022 "Decree Confirming Sale of Real Property." In her first two issues, Claudia argues the trial court erred by failing to apply Property Code Chapter 23A in partitioning the property. She argues that she was deprived of statutory and constitutional rights, including the first option right to buy out her siblings' interests

---

[3] Claudia's second and third issues are stated identically but she asserts different supporting arguments. Consequently, we summarize the substance of her arguments rather than quoting her statement of the issues. *See* TEX. R. APP. P. 38.1(f) (appellate court must treat statement of the issues "as covering every subsidiary question that is fairly included").

under Chapter 23A and her constitutional right of due process. *See* TEX. PROP. CODE ANN. § 23A.007 (cotenant buyout).

In her third issue, Claudia contends the trial court erred by permitting a partition sale less than one year after letters of administration were granted in violation of Estates Code § 360.001(a). *See* TEX. EST. CODE ANN. § 360.001(a) (requests to partition an estate may be made "[a]t any time after the first anniversary of the date original letters testamentary or of administration are granted").

In her fourth issue, Claudia contends the trial court erred by approving and confirming the sale of the property, arguing there was insufficient evidence to support the appointment of a receiver, the sale was not in the estate's best interest, and the receiver had conflicts of interest. Claudia requests this Court to impose a constructive trust and to set aside and void the conveyance.

Leffingwell responds that "the sale of the house renders Claudia's challenge to the decree approving that sale moot," that Chapter 23A does not apply to the sale, and that "Claudia's repeated opportunities to purchase the property render any error in failing to follow Chapter 23A harmless." We conclude the first of these arguments is dispositive of Claudia's appeal.

## MOOTNESS

"A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome."

–5–

*Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012). This Court lacks jurisdiction to issue an opinion on a moot controversy. *See id.*

"When a party appeals an order . . . authorizing sale of certain property and the property has been sold, the appeal of the order becomes moot." *Mitchell v. Turbine Res. Unltd., Inc.*, 523 S.W.3d 189, 196 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *see also Bass v. Bass*, No. 05-15-01362-CV, 2016 WL 1703007, at *1 (Tex. App.—Dallas Apr. 27, 2016, pet. denied) (mem. op.) ("Because the property that was the subject of the appealed interlocutory order appointing a receiver has been sold, the appeal from that order is now moot."). Leffingwell has completed the sale authorized by the trial court. "As a result, any determination that the trial court erred in authorizing the sale would have no effect as there is no controversy to resolve." *Speedy Car Wash, Inc. v. Sher*, No. 13-20-00492-CV, 2023 WL 3369096, at *7 (Tex. App.—Corpus Christi-Edinburg May 11, 2023, no pet. h.) (mem. op.).

Leffingwell contends the property's sale moots any issues pertaining to the trial court's order authorizing the sale, citing this Court's opinion in *Alsobrook v. MTGLQ Investors, LP*, 657 S.W.3d 327, 330 (Tex. App.—Dallas 2021), *aff'd as modified*, 656 S.W.3d 394 (Tex. 2022) (per curiam). In *Alsobrook*, we concluded that where the subject property had been sold in foreclosure, "any judgment issued by the Court would have no effect as there is no longer a controversy to resolve." *Id.* Accordingly, Alsobrook's case "ha[d] become moot and must be dismissed." *Id.*

Claudia concedes that "[o]rdinarily, Appellee's argument that conveyance of title precludes the granting [of] certain forms of relief would hold true." But she argues that she "has suffered damages for which recovery may be made against the administrator's bond" and from Leffingwell personally, "even if the property has been conveyed beyond the reach" of this Court's jurisdiction. In her appellate briefing, Claudia argues that Leffingwell "fraudulently induced the estate and its heirs to agree to sell the property" to the ultimate purchaser, among other complaints. Claudia does not include any citations to the record to indicate that she asserted any of these claims in the trial court. Even if she had done so, no live controversy existed between the parties after the property's sale. *Alsobrook*, 656 S.W.3d at 395 ("no live controversy existed between the parties after the foreclosure, rendering Alsobrook's claims moot"); *Speedy Car Wash, Inc.*, 2023 WL 3369096, at \*7 (same). Because the property has been sold, we conclude that this appeal is moot.

As the supreme court explained in *Alsobrook*, because we have determined that this appeal is moot, we must vacate the trial court's September 15, 2022 "Decree Confirming Sale of Real Property." *Alsobrook*, 656 S.W.3d at 395 ("mootness on appeal requires vacatur of the underlying judgment"). Unlike in *Alsobrook*, however, this appeal arises from a probate matter, which may give rise to more than one final and appealable order. *See, e.g., DeAyala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) ("Probate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgment final for purposes of appeal can be rendered on

–7–

certain discrete issues.'"); *see also* TEX. EST. CODE ANN. § 356.556(c) (court's action approving report of real property sale "has the effect of a final judgment" and may be "reviewed as in other final judgments in probate proceedings"). Accordingly, because certain probate matters remain pending in the trial court, we vacate only the decree confirming the sale.

## ATTORNEY'S FEES

Leffingwell argues she is entitled to recover her attorney's fees because Claudia's appeal was frivolous. TEX. R. APP. P. 45. "An appeal is frivolous if, at the time asserted, the advocate had no reasonable grounds to believe judgment would be reversed or when an appeal is pursued in bad faith." *See D Design Holdings, L.P. v. MMP Corp.*, 339 S.W.3d 195, 205 (Tex. App.—Dallas 2011, no pet.). "The decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with prudence and caution and only after careful deliberation." *Owen v. Jim Allee Imports, Inc.*, 380 S.W.3d 276, 290 (Tex. App.—Dallas 2012, no pet.). "Although imposing sanctions is within our discretion, we will do so only in circumstances that are truly egregious." *Id.* "[A]n issue's lack of merit does not necessarily equate to bad faith." *Byrd v. Hutton*, No. 05-19-01191-CV, 2020 WL 4013150, at *6 (Tex. App.—Dallas July 16, 2020, pet. denied) (mem. op.).

One of Claudia's primary complaints is the trial court's failure to apply Chapter 23A—a uniform act not adopted in Texas until 2017—to the property's sale. *See* Uniform Partition of Heirs' Property Act, May 19, 2017, 85th Leg., R.S., ch.

297, § 1, 2017 Tex. Gen. Laws 572 (codified at TEX. PROP. CODE ANN. §§ 23A.001– .13). Although the trial court permitted supplemental briefing on this issue before ruling, the parties did not locate any controlling Texas case law. We conclude Claudia's appeal was not wholly frivolous, and we deny Leffingwell's request for sanctions.

## CONCLUSION

The trial court's September 15, 2022 "Decree Confirming Sale of Real Property" is vacated and this appeal is dismissed as moot.

220673f.p05

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE ESTATE OF MARIA
ELENA WEBB, DECEASED,

No. 05-22-00673-CV

On Appeal from the Probate Court
No. 2, Dallas County, Texas
Trial Court Cause No. PR-20-01506-2.
Opinion delivered by Justice
Breedlove. Justices Partida-Kipness
and Reichek participating.

In accordance with this Court's opinion of this date, the trial court's September 15, 2022 Decree Confirming Sale of Real Property is **VACATED** and the appeal is **DISMISSED**.

It is **ORDERED** that appellee Lisa Leffingwell, Dependent Administrator for the Estate of Maria Elena Webb, recover her costs of this appeal from appellant Claudia Elena Johnston.

Judgment entered this 15th day of September, 2023.