

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00588-CV

**IN RE GUARDIANSHIP OF** Laverne T. **CADY**

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2018-PC-4312
Honorable Veronica Vasquez, Judge Presiding

PER CURIAM

Sitting:    Luz Elena D. Chapa, Justice
            Irene Rios, Justice
            Beth Watkins, Justice

Delivered and Filed: October 23, 2019

DISMISSED FOR LACK OF JURISDICTION

Thomas R. Pearson and Laverne T. Cady, both pro se, seek to appeal the trial court's August 6, 2019 order appointing a temporary guardian of Cady's estate. After the clerk's record was filed, we issued a show cause order, questioning our jurisdiction over this appeal and directing appellants to respond to our concerns regarding appealability of the order and Pearson's standing to appeal and to offer a reasonable explanation for failing to timely file the notice of appeal.

Appellants' response to our show cause order does not provide any argument or authority on the question of the appealability of the order appointing a temporary guardian of Cady's estate. An order under the Estates Code is final and appealable if "there is an express statute . . . declaring the phase of the probate proceedings to be final and appealable" or if the order "adjudicates a substantial right" and "disposes of all issues in the phase of the proceeding for which it was

brought." *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). Otherwise, the order is interlocutory and is appealable only if the interlocutory appeal is expressly authorized by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352 (Tex. 1998). There is not a statute expressly providing the appointment of a temporary guardian is a "final and appealable" "phase" of a guardianship proceeding. This court has held an order appointing a temporary guardian is not final and appealable because it does not dispose of all issues in or end a phase of the proceeding. *See In re Guardianship of C.Y.B.,Jr.*, No. 04-11-00780-CV, 2012 WL 76914 (Tex. App.—San Antonio Jan. 11, 2012, no pet). Further, there is no statute that makes an interlocutory order appointing a temporary guardian appealable. Accordingly, we hold the order sought to be appealed is interlocutory, and we lack jurisdiction to review the order by direct appeal. *See id.*

We also lack jurisdiction over this appeal because appellants' notice of appeal was not timely filed. An appeal from an interlocutory order is accelerated. TEX. R. APP. P. 28.1(a). A notice of accelerated appeal is due twenty days after the order was signed, or a motion for extension of time to file the notice of appeal is due fifteen days later. *See* TEX. R. APP. P. 26.1(b), 26.3. The notice of appeal was filed September 3, 2019, thirty-one days after the August 6, 2019 order, and no motion for extension of time was filed. Because appellants filed their notice of appeal beyond the time allowed by rule 26.1(b), but within the fifteen-day period for moving for an extension, we implied a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (1997). Our show cause order required appellants to offer a reasonable explanation for failing to file the notice of appeal timely. *See id.*; TEX. R. APP. P. 10.5(1)(C), (2). Appellants' response to our show cause order states only that they move for an extension of time and "pray for forgiveness." No explanation for the late filing is provided. We therefore deny the implied motion for extension of time.

We dismiss this appeal for lack of jurisdiction. Because of our disposition of this appeal, we need not address the question of Pearson's standing to appeal.

PER CURIAM