

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00795-CV

**IN THE ESTATE** of Eloisa M. **MARTINEZ**, Deceased

From the Probate Court No. 1, Bexar County, Texas
Trial Court No. 2020PC3191
Honorable Oscar J. Kazen, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: March 29, 2023

DISMISSED FOR LACK OF JURISDICTION

Appellant attempts to appeal from an order denying his motion to set aside judgment in a probate matter.[1] We dismiss for lack of jurisdiction.

"Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). An order denying a motion to set aside judgment is not a final judgment and is not independently appealable. *Macklin v. Saia Motor Freight Lines, Inc.*, No. 06-12-00038-CV, 2012 WL 1155141, at *1 (Tex. App.—Texarkana Apr. 6, 2012, no pet.); *see Cornwell v. Cornwell*, No. 02-17-00105-CV, 2017 WL 6759031, at *1 (Tex. App.—Fort Worth Dec. 28, 2017, no pet.) ("No appeal from

---

[1]Appellant's amended notice of appeal states he is appealing from an order denying his motion to set aside judgment, which was signed on October 20, 2022.

an order denying a motion for new trial exists separately from an appeal of the underlying judgment."). Accordingly, any appeal must be taken from the judgment, not from the refusal to set aside the judgment. *See Macklin*, 2012 WL 1155141, at *1 (dismissing appeal for lack of jurisdiction because the notice of appeal was untimely when appellate deadline was calculated from the date the judgment became final by severance).

"Probate proceedings are an exception to the one final judgment rule; in such cases, multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). Appellant's motion to set aside judgment asked the probate court to set aside multiple judgments, each of which was a final judgment for purposes of appeal. *See In re Estate of Singleton*, No. 06-17-00063-CV, 2017 WL 4171593, at *2 (Tex. App.—Texarkana Sept. 21, 2017, no pet.) ("The appointment of an administrator of a decedent's estate has consistently been declared final and appealable."); TEX. EST. CODE § 202.202(a) ("The judgment in a proceeding to declare heirship is a final judgment."); TEX. EST. CODE § 356.556(c) (stating that an order approving sale of real property "has the effect of a final judgment."). The most recent judgment appellant sought to set aside—a decree approving sale of real property—was signed on March 8, 2022. The other judgments he sought to set aside were signed before that date. However, appellant did not file his notice of appeal until November 22, 2022, which was more than eight months after any of the judgments in question were signed. Thus, appellant's notice of appeal was untimely. *See* TEX. R. APP. P. 26.1 (providing that a notice of appeal must generally be filed within thirty days after the judgment is signed).

"A timely notice of appeal is necessary to invoke this court's jurisdiction." *Interest of L.R.S.*, No. 04-20-00507-CV, 2020 WL 7365444, at *1 (Tex. App.—San Antonio Dec. 16, 2020, no pet.). In the absence of a timely notice of appeal, we have no option but to dismiss this appeal for lack of jurisdiction. *See id*. We ordered appellant to show cause why this appeal should not be

dismissed for lack of jurisdiction, but he failed to file a response. Accordingly, this appeal is dismissed for lack of jurisdiction.

PER CURIAM