

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00443-CV

———————————————

IN THE ESTATE OF HORACE JIMERSON, JR., DECEASED

---

On Appeal from Probate Court No. 2
Tarrant County, Texas
Trial Court No. 2021-PR00100-2

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant O.V. Dickson—a contestant in this probate proceeding—attempts to appeal from the trial court's order granting Appellee Sheila Porter Wolf's motion to compel discovery responses and ordering Dickson to respond without objection to certain discovery requests and to pay Wolf $1,208.33 in attorney's fees. We wrote to Dickson expressing our concern that we lacked jurisdiction over this appeal because the order did not appear to be a final judgment or appealable interlocutory order. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (op. on reh'g) (explaining when probate orders are appealable). We warned Dickson that unless he or any other party desiring to continue the appeal filed a response within ten days showing grounds for continuing the appeal, we could dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Ten days have passed, and we have not received a response.

Generally, appeals may be taken only from final judgments or from interlocutory orders as authorized by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment or order is final if it disposes of every pending claim and party. *Id.* at 205. Probate proceedings are an exception to the one-final-judgment rule because they may involve multiple orders on discrete issues, each of which may be final for purposes of appeal. *De Ayala*, 193 S.W.3d at 578. But not all interlocutory probate orders are appealable. *Id.* The Texas Supreme Court has adopted the following test for determining whether a probate order is final for purposes of appeal:

> If there is an express statute . . . declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)). In other words, if no statute expressly provides that a particular probate order is final and appealable, that order is interlocutory and not subject to immediate appeal unless it disposes of all parties or issues in a particular phase of the proceedings. *See id.* at 578–79; *see also Est. of Harris*, No. 02-17-00108-CV, 2017 WL 2590574, at *2 (Tex. App.—Fort Worth June 15, 2017, pet. denied) (per curiam) (mem. op.).

No statute expressly authorizes an immediate appeal from an order granting a motion to compel discovery. Additionally, the order does not dispose of all parties or issues in a particular phase of this probate proceeding. *See In re Est. of Ruiz*, No. 04-22-00650-CV, 2023 WL 242735, at *2 (Tex. App.—San Antonio Jan. 18, 2023, no pet.) (mem. op.) ("The [probate court's] order denying Ruiz's motion to compel discovery and the order granting Harmon's motion for protection from discovery subpoenas do not dispose of any substantive issue, let alone dispose of 'all issues' in the phase of the proceedings concerning the partnership; therefore, the orders are interlocutory." (quoting *De Ayala*, 193 S.W.3d at 578)). We thus conclude that the order is not a final, appealable probate order. *See De Ayala*, 193 S.W.3d at 578–79; *Harris*,

3

2017 WL 2590574, at *2. Accordingly, we dismiss this appeal for want of jurisdiction.

*See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  January 11, 2024

4