**Opinion filed April 10, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00244-CV

_____

## IN THE GUARDIANSHIP OF CHLOE GRACE DILLON, AN INCAPACITATED PERSON

**On Appeal from the County Court at Law**
**Midland County, Texas**
**Trial Court Cause No. G-12,913**

### M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court's judgment in a guardianship proceeding. Appellant, Tyler McCoy, previously filed a motion to abate or withdraw the appeal. In the motion, Appellant stated that her "original notice of appeal was filed prematurely as the matter remains pending at the trial court level." Appellant asserted that the trial court has set a hearing date for her motion for new trial, and, as a result, "the matter ha[d] not reached final judgment at the trial court level." She requested that we abate this appeal "and permit the proceedings in the trial court to continue until such time the case is concluded" or dismiss her appeal "without

prejudice to refile same." We denied Appellant's motion without prejudice because the trial court's judgment, from which Appellant filed a motion for new trial and subsequently appealed, was a final, appealable judgment in a guardianship proceeding.

In this regard, on July 16, 2024, following a final hearing on the matter, the trial court signed a judgment in the guardianship proceeding below, the details of which are set out below. Appellant timely filed a motion for new trial[1] and a notice of appeal from that judgment. As we noted in our order, "[a] final order issued by a probate court is appealable to the court of appeals." TEX. EST. CODE ANN. § 1022.001(c) (West 2020). And, in probate and guardianship proceedings, multiple orders or judgments may be final and appealable when they are rendered on certain discrete issues. *In re Guardianship of Jones*, 629 S.W.3d 921, 924–25 (Tex. 2021) ("This exception [to the 'one final judgment' rule] reflects the necessity of reviewing 'controlling, intermediate decisions before an error can harm later phases of the proceeding.'" (quoting *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006)). Absent a statute that expressly governs the appealability of a specific type of order or judgment, "an order disposing of all issues and all parties 'in the phase of the proceeding for which it was brought' is final and appealable even when the proceeding remains pending as to other issues." *Id.* at 925 (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)); *In re Guardianship of Macer*, 558

---

[1]In her motion to abate or withdraw the appeal, Appellant asserted that the matter was still pending below because the trial court set the case for a hearing on her motion for new trial. The hearing on the motion for new trial was set for September 9, 2024. There is no order granting or denying Appellant's motion for new trial in the appellate record. Thus, Appellant's motion for new trial was overruled by operation of law, as more than seventy-five days have elapsed since the trial court signed its judgment. TEX. R. CIV. P. 329b(c).

S.W.3d 222, 226 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("[P]robate orders need not dispose of all pending claims and parties in the entire proceeding to be appealable."). A guardianship must be settled and closed when, as here, the minor[2] reaches the age of eighteen. *See* EST. §§ 1202.001(b)(3), 1204.001(a), (b)(2)(A).

The former ward, Chloe Grace Dillon, reached eighteen years of age on April 10, 2024. Dillon filed a motion for termination of the guardianship of the estate and for an order directing the release of funds.[3] At a hearing on the motion, the trial court directed Appellant to provide the required accountings and set forth the condition of the estate, including all assets and any disbursements made. The trial court stated that, once it received the reports, it would "set this matter for a final hearing." Appellant provided annual accounts and bank statements, and the trial court set the case for a final hearing on July 16, 2024. At the hearing, the trial court recounted the above, heard testimony from Appellant, and stated the rulings that are reflected in the judgment that is at issue in this appeal. The trial court signed the judgment memorializing its rulings on the same day.

The judgment stated that the case was called "and the Court announced its judgment" as set forth in the paragraphs that follow, which was consistent with the handwritten notations of "judgment announced" and "judgment to be entered today 07/16/2024" on the trial court's docket sheet for July 16. The judgment noted the appearances of the parties and their attorneys, stated that the trial court reviewed the annual accounts and bank statements filed by Appellant, the guardian of the estate,

---

[2]Dillon required a guardianship of her estate because she was a minor; according to the record, she did not have any other incapacity that prevented her from receiving the funds once she turned eighteen.

[3]Dillon also filed a motion to terminate the guardian of the estate before she turned eighteen, which alleged that Appellant had "misappropriated funds held for [her] benefit."

and asserted that, "[h]aving examined the papers filed herein, the applicable law, and the arguments of counsel, the Court enter[ed] the following order and judgment." The judgment then directed Appellant to transfer the value of the assets of the estate to the Midland County Clerk's Office so that Dillon may access her funds. The judgment further directed Appellant to deposit money owed to the estate into the registry of the court so that Dillon may withdraw such funds. The judgment permitted Dillon to withdraw the funds "as soon as the County Clerk certifies that such funds are available for withdrawal," and stated that, "[u]pon the full payment of the monies ordered herein, the guardianship of the estate previously established in this case is closed, with all costs taxed against the guardian."[4]

In our order denying Appellant's motion without prejudice, we extended Appellant's time to file her brief to allow her to prosecute this appeal. We had already notified Appellant by letter that her brief was overdue. The order required Appellant to file her brief on or before February 18, 2025. Appellant did not file a brief. On February 28, we notified Appellant by letter that this appeal remained pending and again extended her brief due date, now to March 31, to allow her to prosecute this appeal if she wished to do so. We informed Appellant that the failure to file her brief may result in the appeal being dismissed for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1), 42.3(b). As of this date, Appellant has not filed a brief, nor has she requested an extension of time in which to file her brief. Based

---

[4]As we noted in our order, after a guardianship is required to be settled as provided by Section 1204.001, the trial court may continue to hear matters relating to the former ward's estate, including matters related to a guardian's authorizations and duties under Chapter 1204. *See* EST. §§ 1021.001(a)(6), (a-1)(1); ch. 1204 (Final Settlement, Accounting, and Discharge).

upon Appellant's failure to prosecute this appeal, we conclude that this appeal should be dismissed.  *See* TEX. R. APP. P. 38.8(a)(1), 42.3(b), (c).

Accordingly, we dismiss this appeal for want of prosecution.


JOHN M. BAILEY
CHIEF JUSTICE


April 10, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.