**In re ESTATE OF Vennie Zanella Booty BROWN, Deceased.**

No. 05–10–01243–CV.

Court of Appeals of Texas, Dallas.

June 13, 2011.

Rehearing Overruled Aug. 12, 2011.

Bridgett Brown Parson, Dallas, TX, for Appellant.

Nathan Griffin, Dallas, TX, for Appellee.

Before Chief Justice WRIGHT and Justices O'NEILL and LANG–MIERS.

### OPINION

Opinion by Chief Justice WRIGHT.

Bridgett Brown Parson, appearing pro se, filed a notice of appeal from two orders

signed on September 1, 2010. One order approved a settlement agreement. The other was an agreed order validating a deed and lien. By letter dated April 15, 2011, we questioned our jurisdiction over this appeal and directed the parties to file letter briefs addressing how we have jurisdiction. To date, the parties have not responded to our jurisdictional letter.

 Appellate jurisdiction is never presumed. *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex.App.-Dallas 2009, no pet.). Unless the record affirmatively shows the propriety of appellate jurisdiction, we must dismiss. *Id.* Our jurisdiction over appeals is established by constitutional and statutory enactments. *Beckham Grp., P.C. v. Snyder,* 315 S.W.3d 244, 245 (Tex.App.-Dallas 2010, no pet.). Unless an interlocutory appeal is specifically authorized by the constitution or statute, we have jurisdiction only over appeals taken from final judgments. *Id.* Probate proceedings give rise to an exception to this general rule because multiple judgments may be rendered therein on discrete issues before the entire probate proceeding is concluded. *De Ayala v. Mackie,* 193 S.W.3d 575, 578 (Tex.2006). If there is a statute declaring a phase of a probate proceeding to be final and appealable, the statute controls. *Crowson v. Wakeham,* 897 S.W.2d 779, 783 (Tex.1995). Otherwise, if pleadings in a particular phase of a probate proceeding raise other issues or parties that are not disposed of, the order is interlocutory. *Id.*

The two orders Parson appeals arise from the effort of the estate's successor administrator to clear title to a piece of estate property. Clearing title to the contested property is a mere step in settling the estate. The trial court signed an order approving the settlement agreement and entered the agreed order validating the deed and lien in accordance with that agreement. There is no statute that makes an order approving a settlement agreement final and appealable. Moreover, these two orders do not finally settle the estate. For these reasons, we hold the orders are interlocutory and not subject to appeal.

Additionally, we note that Parson has not paid the $175 filing fee for the appeal. By letter dated October 4, 2010, the Court informed Parson that if she failed to pay the filing fee within ten days her appeal would be dismissed without further notice. Thus, failure of Parson to pay the required fee is an additional basis for dismissal of the appeal.

We dismiss Parson's appeal for want of jurisdiction and for failure to pay the filing fee. *See* TEX.R.APP. P. 42.3(a) & (c).