**Opinion issued October 21, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00434-CV

————————————

**WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2003-FF5 ASSET-BACKED CERTIFICATES SERIES 2003-FF5, PHH MORTGAGE CORPORATION, AND INVUM THREE LLC, Appellants**

**V.**

**DAVID MUNSON AS DEPENDENT ADMINISTRATOR OF THE ESTATE OF DONNA SUE COWART, KENNETH D. EICHNER, P.C., AND KDEPC I, LLC, Appellees**

---

**On Appeal from the Probate Court at Law No. 3
Harris County, Texas
Trial Court Case No. 475381-401**

---

## MEMORANDUM OPINION

In the underlying proceedings in the probate court, appellants, Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Minnesota, National Association, as Trustee for First Franklin Mortgage Loan Trust 2003-FF5 Asset-Backed Certificates Series 2003-FF5 (Wells Fargo), PHH Mortgage Corporation, and Invum Three, LLC (Invum), appealed from the trial court's May 22, 2025 order granting, in part, the motion for partial summary judgment in favor of appellees, David Munson as Dependent Administrator of the Estate of Donna Sue Cowart (Munson), Kenneth D. Eichner P.C., and KDEPC I, LLC (KDEPC). *See* TEX. ESTATES CODE ANN. § 32.001. On August 1, 2025, appellees filed a "Motion to Dismiss Appeal," asserting that the appeal was "an improper attempt to make an interlocutory appeal."

We grant appellees' motion and dismiss the appeal for lack of jurisdiction.

## Background

The underlying suit was filed by appellees, who are beneficiaries of the Estate of Donna Sue Cowart, and involves claims for wrongful foreclosure of real property located at 7806 Hiawatha Street, Baytown, Texas (the Property). Donna Sue Cowart was the owner of the Property prior to her death.[1]

---

[1] The appellate record reflects that Donna Sue Cowart owned the Property with her husband, Jerry Wayne Cowart. However, Jerry Wayne Cowart passed away on December 3, 2016, prior to the events relevant to this proceeding. Accordingly, for the purposes of this opinion, we will refer to the "owner" of the Property as Donna Sue Cowart. The appellate record further reflects foreclosure proceedings related

2

In the underlying suit, appellees alleged that Wells Fargo wrongfully foreclosed on the Property when it conducted a foreclosure sale on December 4, 2018, selling the Property to Invum for $78,000. Specifically, Munson, asserted causes of action against Wells Fargo for wrongful foreclosure, unjust enrichment, breach of contract, and conversion of excess proceeds. KDEPC asserted causes of action against Wells Fargo for wrongful foreclosure, unjust enrichment, lost rental/profits, tortious interference, conversion of excess proceeds, and for exemplary damages. KDEPC also asserted causes of action against Invum for adverse possession, to quiet title, trespass to try title challenging superiority or title to any alleged title of Invum, cloud on title, slander of title, unjust enrichment, and lost profits.

Invum, contemporaneously with the filing of its answer, asserted a counterclaim seeking a declaration that the December 4, 2018 foreclosure sale by Wells Fargo "was valid and lawfully held and conducted." In the alternative, Invum asserted cross-claims against Wells Fargo, alleging that, "only in the event the [December 4, 2018] foreclose sale is set aside," that Wells Fargo breached its contract, made false representations of fact, made a false promise, and benefitted by failing to disclose that such representation was false.

to the Property initiated by non-parties to this appeal. Those prior foreclosure proceedings are not relevant to our analysis.

3

On March 24, 2025, appellees filed a "Traditional Motion for Partial Summary Judgment." In their motion, appellees requested that the trial court declare:

1. The purported judgment in Cause No. 2018-54294; *Wells Fargo Bank, N.A., Successor by Merger to Wells Fargo Bank Minnesota, National Association as Trustee for First Franklin Mortgage Loan Trust 2003-FF5 Asset-Backed Certificates Series 2003-FF5 vs. Jerry W. Cowart and Donna S. Cowart*, in the 129th Judicial District Court of Harris County, Texas [was] void;

2. The December 4, 2018 foreclosure sale "was invalid and void";

3. The deed from Wells Fargo to Invum "recorded on December 13, 2018 [was] void";

4. The order in Cause No. 2017-48415, *MeadowLake Village Homeowners Assoc., Inc. v. Jerry W. Cowart and Donna S. Cowart*, in the 334th Judicial District Court of Harris County, Texas, validly set aside an earlier attempted foreclosure sale of the Property;

5. Kenneth D. Eichner, P.C.'s sale and deed to KDEPC "recorded on January 2, 2019 [was] a valid conveyance of the Property";

6. Wells Fargo [was] time-barred from directly or collaterally attacking the set aside order described above and Kenneth D. Eichner P.C.'s sale and deed to KDEPC;

7. Wells Fargo improperly paid the undisputed excess proceeds of $9,866.69 ($78,000 less $68,133.31) from Wells Fargo's void foreclosure sale to Home Trader, LLC instead of Kenneth D. Eichner P.C.

Even assuming the trial court granted all the relief requested in appellees' motion, several claims and causes of action would have remained, and the cause would have proceeded towards trial. On May 22, 2025, the trial court granted the

4

motion for partial summary judgment, *in part*. In its order, the trial court struck through item numbers 6 and 7 identified above, denying that requested relief.

On June 11, 2025, appellants filed a notice of appeal challenging the trial court's May 22, 2025 order. In their notice of appeal, appellants stated that the trial court's order was "final and appealable, as it adjudicate[d] and terminate[d] the pertinent phase of the probate proceedings as to" appellants.

On August 1, 2025, appellees filed their motion to dismiss the appeal, asserting that there remained "several other issues" regarding the wrongful foreclosure claims "that ha[d] not been resolved, such as the wrongful diversion of the excess proceeds from that sale and [appellees'] damages." Accordingly, appellees asserted that the order appealed was neither a final judgment nor an appealable interlocutory order, and the Court therefore lacks jurisdiction over the appeal.

In response, appellants asserted that the trial court's order "satisfie[d] the standard for appealability" in probate proceedings "because it conclusively determine[d] all parties' rights in a severable phase of the probate proceeding."

## Appellate Jurisdiction

This Court has jurisdiction to review final judgments, as well as interlocutory orders when expressly authorized by statute. *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 788 (Tex. 2019); *see also* TEX. CIV. PRAC. & REM. CODE ANN.

§ 51.014(a). Generally, there can be only one final and appealable judgment in a case, and a judgment issued without a conventional trial is "final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001).

In probate proceedings, however, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Lehmann*, 39 S.W.3d at 192); *see also Jack M. Sanders Fam. Ltd. P'ship v. Roger T. Fridholm Revocable, Living Tr.*, 434 S.W.3d 236, 239 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Allowing appellate review of a probate court's ruling on certain discrete issues arises from the need to determine "controlling, intermediate decisions before an error can harm later phases of the proceeding." *De Ayala*, 193 S.W.3d at 578 (quoting *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied)).

Not every order entered in a probate case is appealable, however. *De Ayala*, 193 S.W.3d at 578. If a statute declares a particular phase of probate proceedings to be final and appealable, the statute controls. *Id.*; *see, e.g.*, TEX. EST. CODE ANN. § 202.202(a) ("The judgment in a proceeding to declare heirship is a final judgment."). In the absence of such a statute, a probate order is final and appealable

only if it disposes of all issues in the particular phase of the proceeding for which it was brought. *De Ayala*, 193 S.W.3d at 578. The Texas Supreme Court has explained the test as follows:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)). If an order disposes of a phase of the proceeding that "if asserted independently, would be the proper subject of a lawsuit," then the order is appealable. *De Ayala*, 193 S.W.3d at 578. On the other hand, the order is interlocutory—and thus not appealable—if it "does not end a phase of the proceedings, but sets the stage for the resolution of all proceedings." *Id.* at 579.

In cases in which multiple judgments final for purposes of appeal can be rendered, "determining whether an otherwise interlocutory probate order is final enough to qualify for appeal, has proved difficult." *Id.* at 578. Due to this difficulty, the Texas Supreme Court has repeatedly "urged parties to seek severance orders to eliminate ambiguities about whether the order was intended to be final and appealable." *Id.* The Texas Supreme Court stated that otherwise interlocutory orders in probate proceedings may, for appellate purposes, "be made final by a severance order." *See Crowson*, 897 S.W.2d at 783. The court went on to state that

7

"a severance order avoids ambiguities regarding whether the matter is appealable," and that "[l]itigants can and should seek a severance order either with the judgment disposing of one party or group or parties, or seek severance as quickly as practicable after the judgment." *Id.*

The appellate record does not indicate that appellants sought severance of the issues determined by the trial court's May 22, 2025 order. In their motion to dismiss, appellees noted that appellants did not seek severance in the probate court "because they couldn't." Appellants asserted however, that, despite the fact that "damages claims remain pending," the trial court's order constituted "a complete adjudication of the foreclosure/title phase of the probate litigation." Therefore, according to appellants, "the May 22 Order [was] final as to a discrete, severable phase and [was] therefore appealable."

"Appellate jurisdiction is never presumed." *In re Estate of Brown*, 346 S.W.3d 780, 781 (Tex. App.—Dallas 2011, no pet.). Unless the appellate record "affirmatively shows the propriety of appellate jurisdiction, we must dismiss." *Id.* Based on our review of the appellate record, we cannot conclude that the record "affirmatively shows the propriety of appellate jurisdiction," nor have appellants established our jurisdiction over their appeal.

In *De Ayala*, the Texas Supreme Court explained that if an order disposed of a phase of the proceeding that "if asserted independently, would be the proper

8

subject of a lawsuit," then the order is appealable; however, if the order merely "sets the stage for the resolution of all proceedings," it is interlocutory and not appealable. 193 S.W.3d at 578–79. Here, the trial court's May 22, 2025 order made certain declarations, outlined above, which addressed appellees' request for declaratory relief, in part, but did not dispose of all causes of action alleged by appellees related to the purported wrongful foreclosure sale by Wells Fargo,[2] nor did the trial court's May 22, 2025 order dispose of Invum's counterclaims or cross-claims, all of which relate to the foreclosure of the Property. Accordingly, at best, the appealability of the trial court's order is ambiguous, and appellants have failed to affirmatively establish our appellate jurisdiction or to seek a "severance order [to] avoid[] ambiguities regarding whether the matter is appealable." *See Crowson*, 897 S.W.2d at 783.

## Conclusion

We therefore conclude that the trial court's May 22, 2025 order granting appellees' motion for partial summary judgment, in part, is interlocutory and not subject to immediate appeal because it did not dispose of all parties or issues in a

---

[2]  For example, the declarations included in the trial court's May 22, 2025 order do not fully dispose of the wrongful foreclosure claims, because the issue of damages, if any, was not determined by the trial court and remains a live issue for trial. Further, the trial court's May 22, 2025 order does not address the causes of action for unjust enrichment, lost rental/profits, tortious interference, or conversion of excess proceeds.

particular phase of the proceedings below. *See In re Estate of Willett*, 211 S.W.3d 364, 367 (Tex. App.—San Antonio 2006, no pet.) (dismissing appeal from partial summary judgment order in probate proceedings and concluding that trial court order did "not dispose of the appellees' remaining causes of action; rather, the order expressly order[ed] the[] causes of action set for trial," nor did appellant seek "order severing the trial court's partial summary judgment, as there was in *Crowson*"); *see also Asafi v. Rauscher*, No. 14-09-00800-CV, 2009 WL 4346067, at \*2 (Tex. App.—Houston [14th Dist.] Dec. 3, 2009, pet. denied) (mem. op.). We therefore grant appellees' motion and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). All pending motions are dismissed as moot.

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Guiney, and Johnson.