

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00314-CV

**IN THE ESTATE OF** Betty **COLEMAN**, Deceased

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2021-PC-03984
Honorable Veronica Vasquez, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Velia J. Meza, Justice

Delivered and Filed: June 3, 2026

DISMISSED FOR LACK OF JURISDICTION

This is an appeal from probate proceedings. On April 16, 2026, appellant filed a notice of appeal along with a motion for extension of time to file an "amended appeal." The notice purports to appeal from a March 17 order dismissing appellant's claims against three defendants. It appears from the notice that claims against a fourth defendant remain pending in the trial court.

We have appellate jurisdiction only over final judgments and appealable interlocutory orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). Additionally, while "[p]robate proceedings are an exception to the 'one final judgment' rule," the March 17 order does not "dispose of all issues in the phase of the proceeding" of which the order "may logically be considered a part." *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006); *In re Estate of Ruiz*,

No. 04-22-00650-CV, 2023 WL 242735, at \*2 (Tex. App.—San Antonio Jan. 18, 2023, no pet.) (mem. op.).

After identifying these issues, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant did not file a response.

Courts will deem a judgment issued without a conventional trial on the merits to be final only if (1) the judgment actually disposes of every pending claim and party, or (2) the judgment clearly and unequivocally states that it finally disposes of all claims and parties, even when it does not actually do so. *Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023) (per curiam) (citing *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021)). Here, the March 17 order does not dispose of all claims and parties and thus can only be final if it includes unmistakable indicia of finality. No magic words are required to sufficiently indicate finality. *Id*. at 155 (citing *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020)). However, "a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Bella Palma*, 601 S.W.3d at 801.

The only statement in the judgment indicating finality is a clause providing "IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all other relief not addressed herein is DENIED." But this is simply a species of "Mother Hubbard" clause that cannot by itself indicate finality. *Patel*, 661 S.W.3d at 155 (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 203–04 (Tex. 2001)). Accordingly, we hold the March 17 order was not final and appellant has not shown that an interlocutory appeal is authorized from this order. We therefore dismiss this appeal for lack of jurisdiction.

PER CURIAM